PER CURIAM.
The Florida Board of Bar Examiners petitions this Court to consider amendments to the Rules Relating to Admissions to the Bar. We have jurisdiction pursuant to article Y, section 15 of the Florida Constitution. We approve the proposed amendments as set forth in the attached appendix.
The Board seeks approval of the following administrative changes related to reorganization of the rules: to rename the rules “Rules of Admission to The Florida Bar”; to replace the current configuration of seven articles with five rules; and to eliminate current separate articles on Registration of Law Students (Article II) and Schedule of Fees (Article V) and incorporate these provisions into the appropriate provisions of the proposed rules. The Board also seeks approval of a number of substantive changes and deletions, some of which are discussed in detail below.
A notice of the proposed rule changes was published in The Florida Bar News on November 15, 1996. The proposed rules were placed on the Court’s Internet location. The deadlines for comments to be filed with the Court was December 16,1996.
The only comment was filed by Bar member Gerald T. Bennett, who asserts that the rules relating to formal hearings and appeals from decisions of the Board do not provide applicants with adequate due process protections and do not provide this Court with a sufficient record on which to review the Board’s action. Specifically, Bennett argues that proposed rules 3-23 and 3-23.1 are deficient in the following ways: they do not limit the evidence that the Board may consider in assessing the fitness of an applicant to evidence produced at the formal hearing; do not specify what must be contained in “Specifications” filed against an applicant; do not provide for prehearing discovery; and do not guarantee an applicant the right to be heard or be present at the formal hearing or to be represented by counsel.
While the rules may not speak directly to these procedural safeguards specified by Bennett, we note that applicants are afforded these due process rights. See Florida Bd. of Bar Exam’rs Re Interpretation of Article I, Section 14d, 581 So.2d 895, 897 (Fla.1991) (recommendation that applicant’s admission be denied can only be based on record evidence produced at formal adversary hearing held in response to filing of specifications; applicant is entitled to representation by counsel, cross-examination of witnesses, presentation of witnesses and evidence on applicant’s behalf, access to Board’s subpoena powers, timely release of witness and exhibit lists by board attorney, disclosure of any exculpatory information in Board’s possession, and disclosure of any prior statement of individual appearing on Board’s witness list). Moreover, every set of specifications served upon a Bar applicant includes an attachment entitled “Procedures for formal hearings before the Florida Board of Bar Examiners,” which describes in detail the rights of an applicant appearing for a formal hearing. These rights include all of the procedural safeguards noted by Bennett. Thus, we find that Bennett’s concerns are addressed in practice. However, we ask the Board to review the matter at its next policy session to determine whether some reference to its formal hearing procedures should be incorporated in the rules.
Bennett also requests that the administrative fee assessed for formal hearings be refunded to the applicant if the specifications are found to be unsubstantiated. We find such a refund to be unwarranted. The Board does not proceed haphazardly to a formal hearing. Before specifications are filed against an applicant, the Board conducts a thorough investigation and holds an informal hearing. The Board only conducts a formal hearing in those cases where the applicant’s fitness and character are in question. The administrative fee paid by the applicant represents only a portion of the actual cost of conducting a formal hearing. See Florida Bd. of Bar Exam’rs Re Amendments to the Rules, 676 So.2d 372, 381 (Fla. *314 1996). This Court approved the administrative fee in 1996 in response to the burgeoning number of formal hearings — more than a 100 percent increase in a five-year period — and the costs associated with that increase. Id. at 391-92. Thus, the Board’s expenditures are more fairly apportioned to those applicants whose background investigations have induced the increased costs. Even where an applicant is admitted to the Bar after the formal hearing due to mitigating circumstances or proof of rehabilitation, the formal hearing was still necessary and the associated costs have already been incurred. Thus, we will not authorize a refund of the administrative fee.
Bennett also expresses concerns about proposed rule 3-10, which addresses appeals to this Court from a decision of the Board. Bennett contends that the Board considers evidence other than that submitted at the formal hearing, resulting in an inadequate record on appeal. However, as discussed above, only evidence produced at the formal hearing may be considered by the Board in rendering its decision. See Florida Bd. of Bar Exam’rs, 581 So.2d at 897. Thus, there is no inadequacy in the record before this Court on appeal.
The Board has also petitioned to implement the following substantive changes that do not merit detailed discussion: rule 1-13 (affirms the Court’s exclusive jurisdiction over Bar admission rules; states current practice that petition must be filed with Court regarding any .proposed amendment to rules); rule 1-16 (conforms the rules to Board’s current practice of making recommendations to the Court following each Board meeting); rule 1-34 (clarifies restrictions placed upon Board members during their tenure); rule 1-52 (deletes reference to Office of Auditor General as one of two sources for audit of Board’s books of account; audit has historically been performed by certified public accountant); rule 1-63.1 (permits Board, upon request, to confirm that particular individual is Bar applicant and date of admission of an attorney); rule 2-11.2 (replaces “contracts” for “corporate charters” as samples to be included in applicant’s representative compilation of work product (RCOWP)); rule 2-11.2(a) (changes deadline for filing RCOWP from ninety days prior to administration of general bar examination to the filing deadline for the examination; RCOWP must be filed complete with all supplemental information by this deadline to be considered timely filed); rule 2-11.2(b) (deletes former requirement that applicant filing RCOWP must show “high character” as that is best determined by Board’s background investigation; instead requires that applicant have “reputation for professional competency above reproach”; specifies items that must be submitted to confirm compliance with this requirement); rule 2-13.5 (deletes prohibition against person previously found unqualified for admission by the Board to make application for general bar examination; this is consistent with policy of sequential admission by which decisions related to character and fitness are separated from submission to examination); rule 2-14 (streamlines procedure by which applicants can seek readmission after previously being re-fused favorable recommendation by Board; after designated disqualification period, applicant can file reapplieation directly with Board without petitioning the Court); rule 2-24 (provides that applicants may deduct the amount paid for application forms from any application fee paid within one year from the form fee payment, provided that the deduction is taken at the time of the application fee; otherwise the Board will not issue a separate refund); rule 2-26.5 (clarifies the manner in which fees are determined); rule 3-ll(g) (changes current language that the “neglect of financial responsibilities” is disqualifying conduct to provide that “financial irresponsibility” is disqualifying conduct); rule 3-14.1 (details what items constitute a complete bar application; deletes requirement that naturalized citizens whose name was changed at naturalization provide satisfactory evidence of naturalization and name change); rule 3-14.4 (clarifies that amendment to application is timely filed if filed within thirty days of occurrence being reported); rule 3-14.6(b) (formally codifies Board’s longstanding practice to cancel registration of any registrant who fails to respond to *315 Board inquiries within 120 days); rule 3-17.3 (clarifies when additional $125 fee will be assessed against registrant for extraordinary expenses incurred by Board in conducting background investigation); rule 3-23 (codifies Board’s long-standing practice of requiring sworn answer to specifications); rule 3-23.2 (codifies Board’s policy that admissibility of polygraph examination results shall be in accordance with Florida law); rule 3-23.6 (details the options available to the Board following a formal hearing; deletes provision whereby Board could petition Court to extend investigation for up to one year after formal hearing as this option is fully covered by rule 3-23.6(c)); rule 3-40.2 (notifies applicants of right to seek redress in Supreme Court if Board has not concluded its investigation within nine months of submission of completed application; added in response to recommendation by the Bench/Bar Commission); rule 4-16.1 (requires Board to produce a study guide to assist applicants in preparing for Part A of general bar examination; guide will include copies of sample answers to past essay questions and copies of past multiple-choice questions); rule 4-17 (notifies applicants of availability of special testing accommodations, what action they must take to request such accommodations, and the deadlines for such requests); rule 4-18.2 (provides that applicant’s successful completion of bar examination shall remain valid for five-year period calculated from “date of examination” rather than “date of notice of successful completion of examination”; new date will be easier to administer as it involves single, fixed date; permits Board to waive five-year re-examination requirement for “good cause” shown by applicant); rule 4-25 (replaces current descriptions of two methods of submission to bar examination with descriptive phrases “Overall Method” and “Individual Method”); rule 442.3 (notifies applicants seeking special testing accommodations that such requests and the filing of supporting documentation are subject to standard examination filing deadlines); rule 442.4 (due to increasing number of requests for special testing accommodations, establishes February 1 and July 1 deadlines after which such requests will not be considered); rule 4-64 (provides that examination results will be invalidated if applicant fails to establish that law school graduation requirements were completed prior to submitting to the examination; current rule provides for the impoundment of the examination grades of such applicants while revised rule would allow applicants to be advised of their scores); and rule 5-13.2 (codifies Court-approved fee for Certificate of Admission to be printed and engraved with applicant’s name and Oath of Attorney suitable for framing). Consistent with these substantive changes and the reorganization of the rules, the Board has also petitioned to delete several sections of the current rules.
Having reviewed the Board’s petition and the proposed amendments, we hereby amend and adopt the rules as reflected in the appendix to this opinion. However, we do not amend the name of the rules as the Board requested. The rules shall continue to be entitled “Rules of the Supreme Court Relating to Admissions to the Bar.” Underscoring indicates new language; strike-through type indicates deletions. These rules shall take effect upon the release of this opinion.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.
Appendix
RULES OF THE SUPREME COURT RELATING TO ADMISSIONS TO THE BAR
ARTICLE I, - FLORIDA BOARD
OF BAR EXAMINERS
RULE 1. GENERAL
1-10 Authority and Mission
Section -1.1-11 Introduction. The admission of attorneys to the practice of the profession of law is a judicial function. All individuals who seefe-the privilege-of practicing law in the-State-of Florida shall-submit-to the Florida Bar Examination.
*316 1-12 Florida Board of Bar Examiners. The Florida Board of Bar Examiners is an administrative arm of the Supreme Court of Florida created by the Court to handle matters relating to bar admission.
1-13 Rules. The Rules of the Supreme Court Relating to Admissions to the Bar are reviewed, approved and promulgated by the Supreme Court of Florida. Modifications to the Rules require the filing of a petition with the Supreme Court of Florida and subsequent order by the Court.
1-14 Background Investigations
1-14.1 Purpose. The primary purpose of the character and fitness screening before admission to The Florida Bar are to protect the public and safeguard the judicial system.
1-14.2 Responsibility. The Board shall ensure that each applicant has met the requirements of the Rules with regard to character and fitness, education and technical competence prior to recommending an applicant for admission.
1-15 Bar Examination
1-15.1 Purpose. The primary purpose of the bar examination is to ensure that all who are admitted to The Florida Bar have demonstrated minimum technical competence.
1-15.2 Responsibility. The Board shall be responsible for the preparation, grading and conducting of written examinations, and members thereof shall be willing and available to discuss with applicants general problems regarding the purposes, policies, and procedures of the examination.
1-16 Admission Recommendations. Following each of its meetings, the Board shall recommend the admission of every applicant who has compliéd with all the requirements of the applicable rules, who has attained passing scores on the examination, and who has demonstrated the requisite character and fitness of an applicant for admission.
1-20 Florida Board of Bar Examiners
Section 2. 1-21 Membership. There is hereby created a The Florida Board of Bar Examiners consisting consists of twelve members of The Florida Bar and three non-lawyer members of the general public who are not lawyers.
a. — Attorney Members of the Board. As the terms of the-attorney-members expire, all appointments shall be -for no mere than five years, and any vacancy^ occurring during any term shall be-filled by-appointment. — No attorney appointed by the Court as -a result of a vacancy occurring during a term-shall be appointed for more than five years,-and the term-of all such appointments shall-be extended to October 3-1 of the-last year-of such temu
1-22 Attorney Members
1-22.1 Qualifications. Attorney members shall be practicing attorneys with scholarly attainments and an affirmative interest in legal education and the requirements for admission to the Bar. Attorney members shall have been members of The Florida Bar for at least five years.
1-22.2 Appointments. The Board of Governors of The Florida Bar shall submit to the Court not less than ninety days prior to the expiration of the term of any attorney member of the Board, and in case of a vacancy, within ninety days thereafter, a group of three recommended appointees.
1-22.3 Term of Service. Appointments shall be for no more than five years and the term of all such appointments shall be extended to October 31 of the last year of such term. Any vacancy occurring during any term shall be filled by appointment. No attorney appointed by the Court as a result of a vacancy occurring during a term shall be appointed for more than five years.
h, — Public Members of-the Board. — AÜ appointments of public members shall- be for no more than three years, and any vacancy occurring during-any term shall be filled by appointment. — No public member appointed by the-Court as a result of a vacancy- occurring during a term shall-be appointed for-more-than three-years, and the term of all such appointments shall be extended to October 31 of the last year of such term-
1-23 Public Members
1-23.1 Qualifications. Public members shall not be lawyers and shall have an aca *317 demic Bachelor’s Degree. It is desirable that public members possess educational or work-related experience of value to the Board such as educational testing, accounting, statistical analysis, medicine, psychology, or related sciences.
1-23.2 Appointments. A joint committee composed of three members of the Board and three members of the Board of Governors of The Florida Bar shall submit to the Court not less than ninety days prior to the expiration of the term of any public member of the Board, and in the case of a vacancy, within ninety days thereafter, a group of three recommended appointees.
1-23.3 Term of Service. Appointments shall be for no more than three years and the term of all such appointments shall be extended to October 31 of the last year of such term. Any vacancy occurring during any term shall be filled by appointment. No public member appointed by the Court as a result of a vacancy occurring during a term shall be appointed for more than three years.
e. — Beard Members Emeritus. — Following-the completion of their termsr-members of the Board shail-be designated as Board Members Emeritus; — To assist the Board in fulfilling its investigative and -adjudicatory functions,-a Boardr-Member Emeritus-is-authorized to participate as a member of an investigative or formal hearing panel as provided-by Article-I-II, Sections 3.a. and f. A majority of the members of a formal hearing panel shall consist-of-current members of the Beard- At least one member of an-investigative hearing panel-shall be a current-member of the Board. All-recommendations of-investigative hearing panels must be approved by a-quorum-of the -current Board. — To be eligible-to serve on a hearing panel, a Board Member Emeritus-shall be in compliance with the provisions-of Article I,- Section 3.e.
1-24 Board Members Emeritus
1-24.1 Eligibility. Following the completion of their terms, members of the Board shall be designated as Board Members Emeritus. To be eligible to serve, a Board Member Emeritus shall be in compliance with Rule 1-34.
1-24.2 Purpose. To assist the Board in fulfilling its investigative and adjudicative functions, a Board Member Emeritus is authorized to participate as a member of an investigative or formal hearing panel as provided by Rule 3-22 and 3-23.2. A majority of the members of a formal hearing panel shall consist of current members of the Board. At least one member of an investigative hearing panel shall be a current member of the Board. All recommendations of investigative hearing panels must be approved by a quorum of the current Board.
1-25 Officers
1-25.1 Vice Chair. During the Board meeting preceding November 1 of each year the Board shall designate a Vice Chair who shall hold office for a period of one year beginning on November 1, Such designation shall be determined by majority vote. In the event of an irreconcilable tie vote, such fact shall be certified to the Supreme Court, and it shall designate the Vice Chair for the next year.
1-25.2 Chair. On November 1 of each succeeding year the previously elected Vice Chair shall automatically be elevated to the office of Chair for a period of one year beginning November 1 following service as Vice Chair.
1-26 Liaison Committee
1-26.1 Purpose. A permanent committee to coordinate the work of the Bench, Bar, law schools and bar examiners is established to make recommendations to the Court.
1-26.2 Membership. Such committee shall consist of two members of the Supreme Court to be designated by the Court, two members of the Board of Bar Examiners to be designated by the Board, two members of The Florida Bar to be designated by the Board of Governors of The Florida Bar, the Deans of all accredited Florida law schools or colleges, and such law student representation as the Court may designate.
1-26.3 Scheduling Meetings. The committee shall convene at the pleasure of the committee members from the Supreme Court, one of whom shall be the presiding officer.
*318 1-27 Office Location. The offices of the Board shall be maintained in Tallahassee, Florida.
Section-3. — The- Board of Governors of -The Florida Bar shall-submit to the Court not less than thirty- days-prior to the expirar tion of the term-o-f any attorney member of the Board, and in case of a vacancy, within thirty days thereafter ,-its-recommendations with respect to-appointees, — Such-group-of recommended appointees shall be thrice the number to be appointed.
A joint committee composed of three members of the Board and three members of-the Board of Governors of The-Florida Bar shall submit to the Court not less than-thirty-days-prior to the expiration of the term of any public member of the Board, and in-the case of- a vacancy,--within thirty days thereafter? its recommendations with respecb-to appointees, — Such group of recommended appointees shall be thrice the -number to be-ap-pointedr
The following provisions will be pertinent in - connection with the nominations-to membership-on the Board:
a, — Qualifications.—Attorney—members shall be practicing- attorneys with-scholarly attainments and- an affirmative interest in legal education and requirements-fdr admission to-the Bar. Attorney members shall have been members of-The--Florida Bar for at least five-years. — Public-members shall be nonlawyers and-shall have an academic Bachelor’s Degree. — It- is desirable -that public members possess educational or-work-related experience of value to the Board- such as educational testing, — accounting,—statistical analysis, medical-or psychologically related sciences.
1-30 Board Member Responsibilities
b, — Tenure,l-31 Tenure. A bar examiner should be appointed for a fixed term but should be eligible for reappointment if the examiner’s work is of high quality. Members of the Board should be appointed for staggered terms to insure ensure continuity of policy and there should be sufficient rotation in the personnel of the Board to bring new views to the Board and to insure ensure continuing interest in its work.
e, — Devotion to Duty,l-32 Devotion to Duty. A bar examiner should be willing and able to devote whatever time is necessary to perform the duties of examiner.
d, — Essential—Conductrl-33 Essential Conduct. A bar examiner should be conscientious, studious, thorough, and diligent in learning the methods, problems, and progress of legal education, in preparing bar examinations, and in seeking to improve the examination, its administration, and requirements for admission to the Bar. Each examiner should be just and impartial in recommending the admission of applicants and should exhibit courage, judgment, and moral stamina in refusing to recommend applicants who lack adequate general and professional preparation or who lack good moral character.
e.Adverse Influences, Conflicting Duties and Inconsistent Obligations,1-34 Board Influences, Conflicting Duties and Obligations. Bar examiners should not have adverse interests, conflicting duties, nor or inconsistent obligations which that will in any way interfere or appear to interfere with the proper administration of their functions. Bar examiners should so conduct themselves that there may be no suspicion that their judgment may be swayed by improper considerations. To be eligible to serve as a bar examiner, bar examiners may not serve as: a judge of any court; a regular or adjunct professor of law; an instructor, advisor or in any capacity related to a bar review course or in other activities involved with preparation of applicants for bar admission; or as a member of the governing or other policy-making board or committee of a law school or the university of which it is a part. A bar examiner is not prohibited from service on the board or as an officer of alumni groups that support law schools or universities or from assisting them with fund raising activities. Appointment or election- to the-bench-at any level — of the court system, federal, state,- county-or municipal,-shall constitute a disability to serve as a bar examiner-se long as such indMdual-shall continue to serve in such capacity. — Bar examiners-should not
*319 participate -directly-or- -indirectly in courses for the-preparation-of- applicants for bar ad-aiissiea-nor -act as a trustee of a law school or a university-with which a law school-is affiliated. — Bar—examiners should so -conduct themselves that there may be no suspicion that-their judgment-may be-swayed by improper-considerations.
Section 4, — During the month -of-Qetober of eac-h-year-the Board-shall designate a Vice Chair-who shall hold office for a period of one-year beginning on the ensuing November 1. In October of each succeeding -year the previously elected Vice-Chair-shall automatically be elevated to the-Office of Chair for-a period-of one-year-beginning November 1 following such person’s term as Vice Chair. Such -designation shall be determined by majority-vote. -In the event of an-irreeoncilable tie vote, such fact shall be certified to the Supreme Court, and it shall designate the Vice-Chair for the ensuing year.
Section 5,- 1-35 Compensation. The members shall serve without compensation but shall be reimbursed for reasonable traveling and subsistence expenses incurred in the performance of their services for the Board. The Boardmaay from time.to time elicit-the assistance of other members-of The Florida Bar in prootoring the bar examination-and in so doing may reimburse those other members of The-Florida Bar assisting for reasonable subsistence expense;
Section 6. — Tfae-offices of the Board shall be maintained in Tallahassee-,- Florida.
1-40 Board Meetings
Section — 3A.1-41 Conducting Board Meetings. The Board shall meet in formal session throughout the State of Florida on a regularly scheduled basis to handle administrative, applicant, and registrant and-appli-eanfc matters and to conduct investigative and formal hearings. Subject to the approval of the full Board, the place and time of such meetings shall be determined by the Chair of the Board.
brl-42 Special Hearing Panels. Hearings may also be conducted by special hearing panels of the Board to be convened at such other times and at such places as may be fixed by the Board.
c.1-43 Telephone Conference Meetings. Upon giving reasonable notice, the Chair of the Board may conduct a meeting of the Board by conference telephone call for routine administrative action or for emergency action.
1-50 Fiscal Authority
1-51 Budget. The Board shall annually prepare a budget and submit it to the Supreme Court of Florida for approval.
1-51.1 Income. Subject to the approval of the Court, the Board may classify applicants and registrants and fix the charges, fees and expenses which shall be borne by them.
Sectien-&1~51.2 Expenses. The Board shall make such disbursements as are required to pay the necessary expenses of the Board. -Annually it-shall prepare a-budget and -submit the same-to- the-Supreme-Court for its approval. It shall cause-proper books of account to be kept and - shall have an annual audit made by-4he Office of the Auditor-General or a Certified Public Accountants Such annual — audit-shall be Sed- with- the Clerk-of the Supreme-Court of Florida.
1-52 Audit. The Board shall cause proper books of account to be kept and shall have an annual audit made by a Certified Public Accountant. The annual audit shall be filed with the Clerk of the Supreme Court of Florida.
Section — 8*1-53 Staffing. The Board shall employ an Executive Director and such other assistants as it may deem necessary. It shall provide for the compensation of such employees and shall pay all other expenses. All employees shall be bonded as may be directed by the Board.
Section 10. — Whenever any- -person- subpoenaed-to appear and-give-testimony or to produce books, papers or documents,-refuses to-appear to testily before the Board,-or any division or committee thereof, or to-ans-wer any-questions, or to produce such books; papers or documents-,-such person-may-be-in contempt of the Board, — The Board shah report the fact that a-person under subpoena is in-contempt of the-Board for such proceed *320 ings-against such-person as the-Court may
Section 11, — The Board may resolve that committees on character, fitness and general qualifications should be appointed in-some-or State of Florida^ — Should it-so resolve, the Board of Governors of The Florida Bar-sfaali submit-to the Board from time to time and as requested by the Board a-group of recommended appointees. - The-group shall consist of thrice the number to be appointed. — The Board-shall, subject to the approval of the Court,-select the appointees from this-group, Such-eemmittees shall be known as “Character and Fitness-Committees” and shall-be advisory to the-Board -and in the performance of their advisory-duties, they shall' have-such powers-as the Court shall fix.
Section 12, — A permanent-committee — to coordinate the work of the Bench, Bar,-law mendations to- this Court-concerning the same-from time to time is hereby created and established. — Such committee shall consist of two members of the Supreme Courfr-to be-designated by said Court,-Wo members of The-Board of Bar Examiners to-be designated — by—such Board, two members of — The Florida-Bar to be designated by the Board-of Governors of The-Florida -Bar, the Deans of all-accredited Florida law schools or colleges? Court may from time to time-provide, — The committee shall convene at the pleasure of the committee-members-from the Supreme Court, one of whom shall be-the presiding officer-.-
Section 13, — Subject to the- approval of and law students and fix the charges, fees and- expenses-wMeh shall be borne by thenu
1-60 Confidentiality
Section 11,1-61 Confidentiality. All information maintained by the Board in the discharge of those responsibilities delegated to it by the Supreme Court of Florida shall be confidential except as provided by these Rules or otherwise authorized by the Court. All — matters including, but not limited to. registrant and applicant files, investigative reports, examination-material, and-interoffice memoranda shall-be the property-of the-Supreme Court of Florida and the Board shall-
1-62 Custodian of Records. All matters including, but not limited to, registrant and applicant files, investigative reports, examination material, and interoffice memoranda shall be the property of the Supreme Court of Florida and the Board shall serve as custodian of all such records.
1-63 Release of Information. The Board is authorized to disclose information relating to an individual registrant, applicant or member of The Florida Bar, absent specific instructions from the Court to the contrary, in the following situations:
1-63.1 Public Request. Upon request the staff shall confirm if a person has filed a student registration, bar examination application or bar application with the Board and shall provide the date of admission of any attorney admitted to The Florida Bar.
a.1-63.2 National Data Bank. The name, date of birth, Social Security number and date of application shall be provided for placement in a national data bank operated by or on behalf of the National Conference of Bar Examiners.
15,1-63.3 The Florida Bar. Upon written request from The Florida Bar for information relating to disciplinary proceedings, reinstatement proceedings or unlicensed practice of law investigations, provided, however, that information received by the Board under the specific agreement of confidentiality or otherwise restricted by law shall not be disclosed.
e,l-63.4 National Conference of Bar Examiners or Foreign Bar Admitting Agency. Upon written request from the National Conference of Bar Examiners, or from foreign bar admitting agencies, foreign bar associations, or other similar agencies, when accompanied by an authorization and release duly executed by the person about whom such information is sought, provided, however, that information received by the Board under a specific agreement of confidentiality *321 or otherwise restricted by law shall not be disclosed.
drl-63.5 Documents Filed by Registrant or Applicant. Upon written request from registrants or applicants for copies of documents previously filed by them, and copies of any documents or exhibits formally introduced into the record at an investigative or formal hearing before the Board and the transcript of such hearings. Cost of copies are set out below:
(a) each request for a copy of any document or portion of a document shall be accompanied by a fee of $25.00 for the first page and $.50 for each additional page.
(b) each request for a copy of the Form 1, Bar Application, shall be accompanied by a fee of $35.00.
e.1-63.6 Documents Filed on Behalf of the Registrant or Applicant. Upon written request from registrants or applicants for copies of documents filed on their behalf or at the request of the Board with the written consent of the party submitting such documents. If such documents would be independently available to the requesting registrant or applicant, then consent of the party submitting such documents shall be deemed waived. Each request for a copy of any document or portion of a document shall be accompanied by a fee of $25.00 for the first page and $.50 for each additional page.
fcl-63.7 Grand Jury or Florida State Attorney. Upon service of a subpoena issued by a Federal or Florida Grand Jury, or Florida State Attorney only in connection with a felony investigation, provided, however, that information otherwise restricted by law shall not be disclosed.
grl-64 Breach of Confidentiality. Whenever any person intentionally and without authority discloses confidential information maintained by the Board,' such persons the person may be in contempt of the Board. The Board shall report to the Supreme Court of Florida the fact that such person the person is in contempt of the Board for such proceedings against such person the person as the Court may deem advisable.
Section 15. — To the extent necessary to implement these rules and if not inconsistent herewith-, the Florida Rules of Appellate Procedure-shall be applicable to all proceedings filed in-the Supreme Court of Florida^
ARTICLE IL REGISTRATION OF LAW STUDENTS
Section 1. — Every-law student intending to apply for admission to The Florida Bar shall, following the commencement of the study of law in an -accredited law school, register-with the Board by filing an Application for-Admission to The Florida Bar-(Form 1) as a registrant upon-the- forms supplied by the Board, including the documents and papers specified in Article IV, Section 5-except for the-filing of the Certificate of -Dean as specified in Article IV, Section -S.b-Ct^-payment of-a-fee of $500.00 as-specified-in- the provisions of Article V, Section 1 and-submitting such-other papers as may- from-time to time be-reasonably required- by the-Board. ■The schedule of discounted fees set-forth in Sections-2, 3 and 4 below are-available-to any law student who files-an-early registration. The Board will consider-as timely filed any registration postmarked or received- within the specified number of days-following-the commencement of the study of law.
Section 2. If a law student- timely-files- an early registration within 180-days following the commencement of-the study of — law as specified-in Article V, Section 2, the filing fee shall be-75.00.
Section 3. If a law -student timely-files an early registration within 195 days following the commencement of- the study of law as specified in Article V, Section 3, the filing fee shall be-$-100.00.
Section -4. If a law -student timely files an early registration within 250 days following the commencement of the study- ofUawv-as specified in Article Y, Section- 4, the filing-fee shall be-$200.00.
Section 5. A basic character and fitness investigation shall be conducted in areas of possible-concern on each student registrant. The Board-may at any-time find it advisable to- make-further inquiry-into the character, fitness and-general qualifications of -ar-regis- *322 trash — In such case the registrant may be required to pay-a fee of $125.Q0 as-is-prescribed -in Article V, Section -5. In every such investigation and inquiry — the—Board—shall have all-of the-powers given it-in respect to inquiry-and investigation of -applicants- for admission to the Bar. If, after such investigation and-inquiryrthe Board shall-find-that the registrant is unfit, or the Board is-in-doubt about the registrant’s fitness,.such-determination shall be- certified- -to the Supreme Court-and the Executive-Director shall transmit the-ffle and other available information to the-Sapreme Court -for- such action in- the particular case as the Court deems -appropri-
Section 6. — The Application for Admission to The-FIorida-Bar (Form 1) executed-by a registrant shalTnot be deemed-an application for-admission into the -F-loridar-Bar-Examination or an applieation-fer admission into The Florida — Bar unless and-until the registrant files-a^-supplement (Form 2) to-said-application- -(-Form 1) as provided in- Article- IV,Sections 8 and 9-
ARTICLE IIL- EDUCATIONAL, CHARACTER AND FITNESS REQUIREMENTS OF APPLICANTS
A. EBUCAT-I0NAU41EQUIREMENTS
Section 1. — No applicant shall- be-admitted to the-General Bar Examination unless he or she furnishes to-the Board:
a. A sworn Application for Admission-into the General Bar Examination attesting -to graduation from a--Ml-time accredited law school at a time-when-or within 12 months of such accreditation, or-in-the alternative, completion of the requirements for graduation from -a-full-time accredited law- school at a time when such law school was-accredited or within-12 months of such accreditation-and that-sueh accredited law-school-has or,-in the alternative, will-eonfer-upon-the apphcant the degree — of Bachelor of Laws or Doctor of Jurisprudence. -The term “completed-the requirements for graduation” refers to-the-time when completion of -the requirements for-graduation is recorded in the office of the law school dean or administrator, — The term-“ac-eredited-Iaw school” has reference to any-law-school-approved or provisionally-approved by the American Bar Association. — Results of the General Bar Exammation-shall- be released-pursuant-to Article VI, Section 11-only to an applicant-who -has additionally — furnished the Board with either a Certificate of Bean- or-an official final law school transcript which establishes that the law school graduation requirements were completed before the applicant submitted to the General Bar-Examination. Failure to provide such additional document shall result in the impoundment of an applicants grades - by the Supreme Court of Florida-until such time-as the-additional-document is furnished. — Upon submission of-such — additional document and the payment of-$16&00-as specified-under Article V, Section 25,-the Board shall — request- the Court-to release the-applicant’s impounded grades. — None of the following shall be substituted-for law-school-fraining4
(1) private study, correspondence school
or law office-tr-ainingj
(2) age or experience^
(3) waived or lowered standards of legal training for-particular- persons or-groups-
b. For those applicants not meeting the requirements-of-Article III, Section l.a. the following requirements shall be-met: (l)-such evidence as the Board may require that such applicant was-engaged-in the-practice- of-law m the-Plstrlct-of Columbia or in other states of the United States of-America, or-in-practice in-federal courts of the United States or its territories, possessions or protectorates for-atdeast-lQ-years, and was in good standing at-the bar-ef-the District-of-Columbia, or of the federal- courts, or-of the state in-which-such applicant practiced;- and (2)-a representative-compilation of the work product in the field of law showing the-scope-and character of the applicant's previous experience-and practice at the-bar, including-samples-of the quality of the applicant’s work, such as pleadings, briefs,.legal memoranda, — corporate charters-or other working papers which-the applicant considers illustrative of such applicant’s expertise-and academic and legal tr-ain-ing — Such representative compilation of the work product shall confine itself-to the-applicant’s most recent 10-years-of-practice and
*323 shall be filed at least 90 days prior to the administration of-the Florida Bar-Examination, notwithstanding the provisions of Article-VI, Section 5.4-i-a thorough consideration of such representative-compilation of-the work product shows that-the applicant-is a lawyer of-high character- and ability, whose professional conduct has been above-reproach, and whose academic and legal scholarship conform to approved standards and sum up to-the eqnivalent-of that -required of other applicants for admission to the Florida Bar Examination — the Board may; in its discretion, admit sueh-applicant to-the General Ban — Examination and accept score reports directed te-the Board from-the National-Conference of-Bar Examiners- or its designee. In-evaluating academic and- legal-scholarship the Board is clothed with-broad-discreiion.
B,. CHARACTER AND FITNESS REQUIREMENTS
Section-2.
a. No person shall be recommended by the Florida Board- of-Bar Examiners-to the-Supreme- Count-of Florida for admission to-The Florida Bar unless such person first produces satisfactory evidence to the Board of good — moral—character—and—an—adequate knowledge-of the-standards and ideals of the profession and that such person-is-otherwise fit-to take-the oath and perform the obligations and responsibilities of an attorney.
k The primary purposes of character-and fitness screening before admission to-The Florida Bar axe to assure the protection- of the public-and-safeguard-the justice system. Am attorney should be one whose record of conduct justifies the trust -of clients, adver-sarieSj-eouriSj-and-others-with respect to- the professional-duties- owed to them. — A record manifesting a deficiency in the honesty, trustworthiness, ddigence^or reliability of an applicant may constitute a-basis -for denial of admission.-
The revelation or discovery of any of the following may be treated as cause for further inquiry before the-Board decides whether the applicant possesses-the character -and fitness to practice law:
-(-1) unlawful-conduct;
-(2) academic misconduct;
(3) malting or procuring any false or misleading statement or omission -of relevant information,- including any false or misleading statement-or-omission on the Application-for Admission-to-The-FIorida Bar, or any amendment)-or in any-testimony or sworn statement submitted to the-Board;
-(4) misconduct in employment;
■ (5) acts involving dishonesty; fraud, deceit or -misrepresentation;
(6) abuse of legal process;
-(7) neglect of financial responsibilities;
-(8) neglect of professional obligations;
(9) violation of an order of a court;
■ (lO)-evidence of mental or emotional insta-feihty;
-(-ll)-evidence of drug or alcohol dependency?
(12) denial of-admission-to the-bar in another jurisdiction on character-and fitness grounds;
(13) disciplinary action by-a-lawyer-disciplinary agency or-other professional disciplinary agency of-any jurisdiction;
■ (14) any other conduct wMeh-refleets-ad-versely upon the-character or fitness of the-applicanti
-c. The- Board-shall determine whether the present character and-fitness of an applicant qualify the-appheant for-admission. In-making this determinatioip-the following-factors should be considered in-assigning weight and significance to prior conduct:
■ (1) the applicant’s age at the time of the conduct;
(2) the recency of the-conduct;
-(3) the-reliability of-the information-concerning the-conduct;
(4) the seriousness -of the conduct;
(5) the factors underlying the conduct;
(6) the cumulative effect of the conduct or-information;
-(7) the-evidence of rehabilitation;
(8) the applicant’s positive social contributions since the-conduct;
*324 (9) the applicant’s-eandor in the admissions process;
(10) the-materiality of any omlssions-or misrepresentations.
-No persea shall be recommended for admission to The Florida Bar who has not reached-the-age of-18 years.
d. An applicant may^withdraw an applies tion for admission to-The Florida Bar at any time; provided, however, in such-event-the Board may continue-its-investigative and adjudicatory-functions to conclusion-
e. Alternatively, an-applicant may withdraw with prejudice an application for admission to The-Florida — Bar. The Board shall accept-the withdrawal - with. prejudice.and shall immediately dismiss its investigative and adjudicatory functions. — An- applicant who files -a-withdrawal with prejudice shall be permanently-barred from filing-a-subsequent application -for admissien to The-Florida Bar.
f. A person who has-been disbarred from the practice of law or-has resigned pending disciplinary-proceedings-in a foreign jurisdiction shall-not be eligible to apply for admission to The-Florida-Bar or the FIorida-Bar Examination for a period of 5 years from the date of disbarment or-3- years from the date of resignation or such-longer period as set-b-y the foreign-jurisdiction for readmission to the foreign jurisdiction.
■ g. A person who has been suspended-fer-disciplinary reasons from the practice of law in a foreign jurisdiction shall not be eligible to apply for admission to The Florida Bar or the Florida-Bar Examination untihexpiration of-the period-of suspension.
■ h. A person who -has been-eonvicted-of-a felony shall-not be-eligible-to-apply for admission-to The Florida Bar or the Florida Bar Examination until-such person has-had his or her-civil rights-restored.-
i. A person who-is-serving-a-sentence of felony probation regardless of adjudication of guilt shall-not be eligible to apply-for admission to-T-he Florida Bar or the Florida Bar Examination until termination of -the period of probation.
Section 3«
a, — Prior to-recommending an applicant for admission to practice the- profession of law in Florida, the Florida — Board of — Bar Examiners shall conduct an-investigation and otherwise inquire- into and determine the character, fitness and general- qualifications of ever-y-applicank — In every such investigation and inquiry, the Board-may obtain-such information as-bears upon the character,-fitness and- general-qualifications of the applicant and take and hear testimony, administer oaths and affirmations, and-eompel-by-sub-poena-the attendance of witnesses and-the production of-books, papers and documents. Any member of-the Board may administer such oaths and affirmations. Such investigations and inquiries shall be informal, but-they shall be-thorough^with the-object- of ascertaining the-tratfe — Technical rules of- -evidence need not be observed. Any investigative-hearing for such purpose may be held by a division of the Board consisting of no-fewer than-3-members of the Board. Any applicant requested to appear for an investigative hearing shall pay the administrative-cost of $80.00-as specified under Article V, Section 16. Postponement-of a previously scheduled investigative hearing shall be for good -cause only and shall be subject to the fees as specified-under Article V,-Section 18. — Each division-shall record its proceedings and shall report its recommendations to-the full Board.
An-applicant- who has been requested to appear for an investigative hearing by-Board letter-shall promptly respond to such letter. Failure to respond-within 60-days shall-result in termination of that application and shall require reapplication and payment of all-fees as if-the-applicanfewere applying for-the first time.
In cases where-the facts-are undisputed regarding an applicant’s prior conduct which bears adversely upon such person’s character and fitness for admission to the Bar, the Board -may forgo-an investigative-hearing and proceed directly with the -filing of Specifications as provided by Section b.(3)-below.
fe — Following an investigative hearingTthe Board shall determine that;
(1) the applicant has established his or-her qualifications as-to character and fitness; or
*325 (2) further investigation into — the applicant’s character and fitness is-warranted; on
(3) Spee-ifications-be Sed- charging the applicant with matters which if proven would preclude a favorable finding by the Board.
e= — In lieu of the filing of Specifications pertaining to drug, alcohol or psychological problems; the Board in- exceptional cases may enter into .a Consent Order with- the applicant, — In a Consent Order, the Board is authorized to recommend to the Court for admission the applicant who has agreed to abide by specified-terms-and conditions upon admission to The Florida Bar. If the Court accepts the Board’s recommendation, the-Order-of admission-shall be-made as-set oat-in Article VII, Section 1.
If the applicant is granted admission by the Court pursuant to a Consent Order,-then the terms and conditions of the-applicant-g admission-shall be administered by The Florida Bar. The Board shall provide access-to The Florida Bar -all information gathered by the-Board-on- a conditionally admitted applicant— except- information — received by — the Board under a specific agreement of eenfi-dentiality-or otherwise restricted by law. — If the-applicant shalf-fail to-abide by the terms and conditions of-admission, then The-Florida Bar is authorized to institute such-proceedings consistent with the Rules Regulating The Florida Bar as to revocation of the license issued- to^the applicant -pursuant- to the-Consent Order.■■ The-Board shall be notified of any- disciplinary proceedings and shall have-access-to all-information relating to the administration of-a-conditional admission-, except information received by The FloridaBar under a specific agreement of confidentiality or- otherwise restricted by law.
4, — If Specifications — are.prepared -and served upon an applicant, the applicant shall Se an answer to the-Speeifications-within 20 days from-receipt-of the Specifications. If-an applicant fails to ile an answer to the-Speei-fications within such time or within any extension of that time allowed- by-the Board, the-Specücations-shall be deemed admitted and — the Board shall enter findings of -fact, finding the Specifications- proven, and appropriate conclusions of law, whieh-may include a recommendation-that-the applicant-not be admitted-to The-FloridaB ar-
fe — After a timely answer to Specifications has been filed, the Board shall notify — the applicant-of the- dates and locations available for the formal hearing-on the -Specifications.The applicant -shall pay the -administrative cost of $300.00 as set-forth- in Article V, Section-17. — Postponement of a previously scheduled formal hearing- shall-be for good cause onl-y-and-shall be-subject to the fees-as specified-under-Article V, Section 19. — The applicant and the Board-shall agree on a date and location for the-hearing, I-f-the applicant fails to-agree on one of the dates-and-locations proposed by- the Board; the Board-shall set the date and location-of the- hearing. — If the applicant; witfaout-good cause, fails to attend the formal hearing, the-Specifications shall be -deemed admitted and the -Board shall enter findings of fact, finding the Specifications proven, and -appropriate- conclusions of law, which may include a recommendation that- the-applicant nob-be admitted to The Florida Bar.
£ — Formal hearings held in response to Specifications shall be conducted befare a quorum-of the-Board which shall consist-of not less than 5-member-s-. — The formal hearing panel shall consist-of-members af- the Board other than- those-who participated in the investigative hearing. — This provision may be waived -with the-consent of the appli-eanh — The weight to be given-all- testimony and exhibits received in-evidence at a -formal hearing shall be -considered and determined by-the Board. — The Board is-not bound by technical rules of evidence at a formal-hear-mg, — Following the conclusion of a formal hearing, the Board shall expeditiously-make its findings of fact and conclusions of law which shall include one of the following:
(-1) A-recommendation that the applicant be- admitted te-The Florida Bar-; or
(-2) A-recommendation-that- the applicant not be admitted to The Florida Bar; or
(3) After the-filing of-Specifications and, in lieu of-a recommendation that the-applicant not be admitted to The Florida Bar based- upon drug, alcohol or psychological problems, the Board in exceptional cases *326 may make a recommendation that the-applicant be conditionally admitted to The Florida Bar upon such terms and conditions as-specified by the-Board. — If the Court accepts — the Board’s — recommendation, then the terms and conditions of-the applicant’s admission shall-be administered by The Floridar-Bar as provided in Section 3.c. above; or
(4) A recommendation that the applicant’s admission to The Florida Bar-be withheld: for a specified-period of time-not to exceed: 2 years to allow the applicant to establish rehabilitation.-At the end of-the specified period of time,-the Board-shall recommend the applicant’s admission barring subsequent disclosure of matters adversely reflecting upon the applieant’-s-character-or fitness.
The applicant-shall be notified-promptly by the Board of its -findings of fact and recommendation, which-action shall be subject to review^ by the Court as specified under Article III, Section 4-b.
g-. — If sufficient time has-mot-passed-simee the occurrence of-the behavior-described in ome-or-more of the-gpecifications- sustained to permit the Board to determine-whether-the applicant has established his or-her qualifications and what recommendations the Board would -make to -the Supreme Court of Florida — the Board may petition — the Supreme Court-of Florida for a reasonable extension of time for further- investigation, not to exceed 1 year after the conclusion of the formal-hearing. — If an extension is-granted, -the Board may continue its investigation or otherwise-acquire sueh additional information as is needed to permit it to malte its final deci-siem — The applicant shall be-nptified of any petition for extension and shall be given an opportunity to show cause why-4he extension should not be granted.
h, — Counsel for-the Board and an applicant-may waive a formal hearing and-enter into- a- proposed consent judgment. — Such consent judgment shall contain- a proposed resolution of the-case pursuant-to one of the recommendations specified in Section 3.f-abov-e. — If-the-eonsent judgment is approved by the full BoardT then the case shall be resolved in accordanee-with the consent judgment without further-proceedingfe
Section 4,
a= — Any- applieamt-wfao is dissatisfied with the Board’s recommendation concerning-his or her character, fitness or general-qualifications,-may, within 60 days after notice of the Board’s recommendation, file with the Board a petition for reconsideration with a fee of $125.00 as- specified-under the provisions-of Articled, Section 21. — The petition must contain new and material evidence which by due diligence could not have been-produced at the formal hearing- — Evidence of rehabilitation as-provided-by Article III, Section 4.e. of the Rules shall not be included-4n a petition for reconsideration-. — Only one such petition for reconsideration-may-be-ile&
b, — Amy- applicant or student registrant who is dissatisfied-with the Board’s recommendation concerning such applicant’s or registrant’s character and fitness may file an appropriate petition with the Clerk of the Supreme Court of Florida, within a period of 60 days-after receipt of the Board’s recommendation. A copy of such petition shall be served upon the Executive Director of-the Board.-Unless -otherwise — required,—the Board’s response -shalbbe filed with the-Supreme Court within-25- days after-service of the petition. At -the time of the Sling of the Board’s -response,- — the Executive Director shall place the record of the formal hearing-with the Supreme Court, and the Court shah decide — whethen-such applicant or- student registrant- meets the character — and fitness requirements. — Final—action - of-the Court shall be duly entered-im the minutes thereof.
e= — An applicant who has been refused a favorable — recommendation by the — Board through the filing of — Findings-of-Fact and-Conclusions of Law-which has-mot-been-reversed by-the Supreme-Court of Florida shall not be eligible for admission to -any subsequent administration of any part of the Florida Bar Examination until such- applicant receives a^-favorable-reeommendation by the Board-or- a favorable decision by- the Supreme-Court of Florida as to character-and fitnessj — provided, however, that any such applicant-who received a passing score on any park of the Florida Bar Examination *327 administered prior to — the -filing — of the Board;s- Findings of Fact-and -Conclusions- of Law shall be entitled to retain that passing status-for the-applicable-part-for the--time period- provided-under Article VI, Section 9.
ds — Any applicant who -has been refused a favorable recommendation by-the-Board-or-any-applicant-or student registrant who has proceeded through the provisions of subsection-b. above and is the recipient ol — final aetien-by the-Supreme -Court of Florida either denying an applicant’s-admission or finding a student registrant to be unfit for admission may-after-2-years -from the-date the -Board delivered its adverse finding, file an appropriate petition with the Clerk of the Supreme Court of Florida in-an attempt to show-sufficient rehabilitation-to warrant a review of the Boar efe — findings or the reevaluation by the Court-of-its-final-actiom--In a case-whero the Board-found -that the applicant has -made-material- misrepresentations or false statements in-the application process, then-the Board may-within -its.discretion ■recommend that- the applicant-be disqualified from petitioning the-Goart-for a-period greater than 2 years up to-5-years. — If-the Court finds- the petition to be sufficient, it-shall remand-the case to the Florida Board of Bar Examiners, which Board shall-serve as the Court’s investigative -arm in -such matters. Upon payment of a fee of $18Q0-.00 as specified under Article V,-Section -10, the -Board shall-initiate -a character and fitness investigation and shall file its report-and reeom-mendation with the -Gourt. — In issuing a judgment adverse to an applicant-or student registrant, the Court -shall- fix -the date-after whie-h-sabsequent petitions may be filed with the Court.
e= — Any applicant -or student registrant who — m-any formal hearing held in response to Specifications pursuant to Article III,-Section-3-or in any proceeding held befor-e-the Board pursuant to Article II, Section 5 or Article III, Section 4.d;, affirmatively asserts rehafeilitation-from prior conduct which bears adversely--upen-such person’s -character and fitness for admission — to --the-Bar shall-be required to produce clear and convincing evidence of-such rehabilitation - including, but not limited-to, the-following elements;-
41-> StHet-compliance with the specific conditions of any disciplinary, judicial, administrative- or other order, where applicable?
(2) Unimpeachable character and moral standing- in the community;
(3) Good reputation for professional ability, where applicable;
(4) Lack of malice and ill feeling toward those who by duty were compelled to bring about the-disciplinary, judicial, administrative or-other proceeding;
(5)- Personal assurances, supported by cor-roboratmg-evidence, of a -desire and-mtention to-conduet one’s self in an exemplary fashion in the future;
(6) Restitution of funds or-property, where applicable?
(7) Positive action-showing rehabilitation by- suc-h — things-as a person’s occupation? religion, — community—or—avie—service. Merely-showing that an individual is now living as and doing those things he or she should-have done throughout life,-although necessary-to prove rehabilitation, does not prove that the individual-has undertaken a useful and constructive place in.society. -The requirement of positive action is appropriate for applicants-for admission to the Bar because service to-one’s community is an-implied- obligation of members of the Bar.

RULE 2. APPLICATION REQUIREMENTS

2-10 Application Qualifications
To seek admission to The Florida Bar, a person must meet the eligibility qualifications and file the appropriate applications and fees as set out in this rule and comply with Rules 3 and 4.
2-11 Technical Competence. All applicants seeking admission to The Florida Bar shall produce satisfactory evidence of technical competence through successful completion of the Florida Bar Examination as described in Rule 4.
2-11.1 Educational Qualification. To be admitted into the Florida Bar Examination and ultimately recommended for admis *328 sion to The Florida Bar, an applicant must have received the degree of Bachelor of Laws or Doctor of Jurisprudence from an accredited law school (as defined in 4-13.2) at a time when the law school was accredited or within 12 months of accreditation or be found educationally qualified by the Board under the alternative method of educational qualification.
2-11.2 Alternative Method of Educational Qualification. For applicants not meeting the educational qualification above, the following requirements shall be met: (1) evidence as the Board may require that the applicant was engaged in the practice of law in the District of Columbia or in other states of the United States of America, or in practice in federal courts of the United States or its territories, possessions or protectorates for at least 10 years, and was in good standing at the bar of said jurisdictions in which the applicant practiced; and (2) a representative compilation of the work product in the field of law showing the scope and character of the applicant’s previous experience and practice at the bar, including samples of the quality of the applicant’s work, such as pleadings, briefs, legal memoranda, contracts or other working papers which the applicant considers illustrative of the applicant’s expertise and academic and legal training. The representative compilation of the work product shall be confined to the applicant’s most recent 10 years of practice and shall be complete and include all supplemental documents requested. In evaluating academic and legal scholarship the Board is clothed with broad discretion.
(a)Deadline for Filing Work Product. To be considered timely filed, the work product shall be complete with all supplemental documentation as required and filed by the filing deadline of the General Bar Examination as set out in Rule 4. Work Products initially filed incomplete and perfected after the deadline shall not be considered as timely filed. Late or incomplete work products will be given consideration for admission into the next administration of the bar examination for which the deadline has not passed.
(b)Acceptance of Work Product. If a thorough review of the representative compilation of the work product and other materials submitted by the applicant shows that the applicant is a lawyer of high ability and whose reputation for professional competence is above reproach, the Board may admit such applicant to the General Bar Examination and accept score reports from the National Conference of Bar Examiners or its designee.
2-11.3 Unacceptable Educational Substitutes. None of the following shall be substituted for law school training:
(a) private study, correspondence school or law office training;
(b) age or experience;
(c) waived or lowered standards of legal training for particular persons or groups.
2-12 Proof of Character and Fitness. All applicants seeking admission to The Florida Bar shall produce satisfactory evidence of good moral character, an adequate knowledge of the standards and ideals of the profession, and proof that the applicant is otherwise fit to take the oath and perform the obligations and responsibilities of an attorney. See Rule 3, Background Investigation.
2-13 Prohibitions Against Application. No person shall be eligible to apply for admission to The Florida Bar or for admission into the Florida Bar Examination unless the time period as indicated below has expired or the required condition or status has been met.
2-13.1 Disbarred or Resigned Pending Disciplinary Proceedings. A person who has been disbarred from the practice of law or has resigned pending disciplinary proceedings shall not be eligible to apply for a period of 5 years from the date of disbarment or 3 years from the date of resignation or such longer period as is set for readmission by the .jurisdictional authority.
2-13.2 Suspension for Disciplinary Reasons. A person who has been suspended for disciplinary reasons from the practice of law in a foreign jurisdiction shall not be eligible to apply until expiration of the period of suspension.
*329 2-13.3 Convicted Felon. A person who has been convicted of a felony shall not be eligible to apply until the person’s civil rights have been restored.
2-13.4 Serving Felony Probation. A person who is serving a sentence of felony probation regardless of adjudication of guilt shall not be eligible to apply until termination of the period of probation.
2-13.5 Found Unqualified by Board. An applicant or registrant who has been refused a favorable recommendation by the Board through the filing of Findings of Fact and Conclusions of Law which has not been reversed by the Supreme Court of Florida shall not be eligible to seek admission to The Florida Bar until 2 years after the date the Board delivered its adverse findings or such longer period as set by the findings.
2-14 Petitions for Rehabilitation. Any applicant or registrant who was refused a favorable recommendation by the Board not reversed by the Court may, after 2 years or such longer period as may be set in the findings, file a new Bar Application. The new application shall answer each item for the period of time ft’om the filing of the original application and shall include current references, a fingerprint card, and the applicable fee. Following the completion of the Board’s new background investigation, all previously denied applicants shall appear before a quorum of the Board for a formal hearing to present evidence of rehabilitation pursuant to the provisions of Rule 3-13 and the formal hearing panel shall determine if the applicant’s evidence of rehabilitation was clear and convincing and make a recommendation pursuant to Rule 3-23.6.
2-20 Applications and Fees
2-21 Applications. There are two independent applications that must be completed prior to admission to The Florida Bar: the Exam Application (Form 1-A) and the Bar Application (Form 1 if filing as an applicant or Form 2 if converting from a registrant).
2-21.1 Exam Application. The Exam Application (Form 1-A) is required for admission into any General Bar Examination. The Form 1-A must be fully completed, accompanied by the appropriate application fee, and submitted by the examination filing deadline to be considered timely filed.
2-21.2 Bar Application. The Bar Application (Form 1 or Form 2 if the Form 1 was previously filed as a student registrant) is required to initiate the applicant character and fitness background investigation. The detailed character and fitness investigation may require 6-8 months for all facts to be marshalled and a recommendation reached by the Board. Ail law students are encouraged to file for admission to the Bar when entering their senior year in law school to ensure completion of all character and fitness related matters at the time of grade release of the first examination following graduation.
2-21.3 Registration. Law students are encouraged to register with the Board within 180 days of the commencement of the study of law to take advantage of early registration discounted fees. Every law student intending to apply for admission to The Florida Bar, following the commencement of the study of law in an accredited law school, may register with the Board by filing a Form 1 as a registrant, the applicable filing fee, and any supplemental documents that may reasonably be required by the Board. A basic character and fitness investigation shall be conducted in areas of possible concern on each registrant. The registration (Form 1) initially executed by a registrant must be converted into a Bar Application by the filing of a Supplement (Form 2).
2-22 Deadline for Filing a Bar Application. The Bar Application must be filed not later than 90 days from the date of notice that success has been attained on all parts of the Florida Bar Examination (General Bar Examination and Multistate Professional Responsibility Examination — MPRE),
2-23 Forms for Application. Applications for Admission into the General Bar Examination and to The Florida Bar shall be made upon forms. supplied by the Board. Students matriculating at the law schools within the State of Florida, the deans and librarians of such Florida law schools, and any other persons designated by the Board may receive forms free. Requests for appli *330 cation forms by other persons shall be accompanied by a fee of $50.00.
2-24 Credit for Payment for Forms. Any person having paid for forms may deduct that amount from any application fee paid within 1 year from the payment of the fee for forms. This credit must be deducted at the time of payment of the application fee. The fee for application forms paid by an applicant shall not be refunded by the Board.
2-25 Setting Application Fees and Refunds. All fees are set by order of the Supreme Court of Florida and are subject to change by published order of the Court. Any fee paid by an applicant or registrant shall not be refunded.
2-26 Application Fees. The total application fee is due and payable to the Florida Board of Bar Examiners upon filing by the applicant of the initial application. Neither a bar application, filed as an applicant or registrant, nor an examination application shall be considered complete without the full fee.
2-26.1 Student Registration Fee. Every law student filing a registration with the Board shall file with the completed bar application (Form 1) the fee of $500.00. Discounted early registration fees are available as indicated below to any law student who files a registration within 250 days following the commencement of the study of law as certified by the law school.
(a) Within 180 Days. If filed within 180 days following commencement of the study of law, the fee shall be $75.00.
(b) Within 195 Days. If filed within 195 days following the commencement of the study of law, the fee shall be $100.00.
(c) Within 250 Days. If filed within 250 days following the commencement of the study of law, the fee shall be $200.00,
2-26.2 Student Applicant Fee. Applicants who did not register with the Board as law students and who have not been admitted to the bar in any jurisdiction for a period in excess of 12 months excluding time spent in military service of the United States shall file with the initial application the fee of $875.00.
2-26.3 Registrant Converter Fee. Applicants who registered with the Board as law students and who have not been admitted to the bar in any jurisdiction for a period in excess of 12 months excluding time spent in military service of the United States shall file with the initial application (Form 1-A or Form 2) the fee of $375.00.
2-26.4 Attorney Fee. Applicants who have been admitted to the bar in any .jurisdiction for a period in excess of 12 months excluding time spent in military service of the United States shall file with the initial application the applicable fee according to the date the Form 1 is postmarked as it relates to the number of years the applicant has been admitted in another jurisdiction.
(a) Less than 5 years. If admitted for more than one year but less than 5 years, a fee of $1300.00.
(b) 5 or more but less then 10 years. If admitted for more than 5 years but less than 10 years, a fee of $1600.00.
(c) 10 or more but less than 15 years. If admitted for more than 10 years but less than 15 years, a fee of $2000.00.
(d) 15 or more years. If admitted for 15 or more years, a fee of $2500.00.
2-26.5 Fee Determination. The fee for an admitted attorney is determined by the date of the filing of the Bar Application (Form 1) and the status of the applicant on that date as it relates to the applicant’s admission to the Bar of any foreign jurisdiction or United States military service.
2-27 Disbarred Attorney Fee. Applicants applying for admission after disbarment or resignation pending disciplinary proceedings in Florida or in any other jurisdiction shall file with the initial application the fee of $5000.00.
2-28 Rehabilitation Application Fee. Applicants or registrants who are asserting rehabilitation from prior conduct that resulted in an adverse recommendation through Findings of Fact and Conclusions of Law, shall file with the application the fee of $1800.00.
2-29 Stale File Fee. Applicants whose Bar Application has been on file for more *331 than 3 years shall be required to file a new Bar Application answering each item for the period of time from the filing date of the last application filed to the date of the filing of the new application including submitting current references, a fingerprint card, and the applicable fee.
(a) If within 5 Years. If filed within 5 years of the filing date of the last application filed, a fee of $425.00 is applicable.
(b) If more than 5 Years. If filed more than 5 years after the filing date of the last application filed, the full application fee under 2-26.3 or 2-26.5 above is applicable.
2-30 Petitions Relating to Administrative Rulings
2-30.1 Filed with the Board. Any applicant or registrant who is dissatisfied with an administrative ruling of the Board not concerning character and fitness matters may petition the Board for reconsideration of the ruling. Petitions seeking a suspension or waiver of any Board rule, regulation or order of an administrative ruling or action not related to a character and fitness recommendation should be presented in the form of a letter, shall be filed with the Board within 60 days after receipt of written notice of the Board’s action complained of and shall be accompanied by a fee of $50.00.
2-30.2 Filed with the Court. Any applicant or registrant who is dissatisfied with an administrative ruling of the Board not concerning character and fitness matters may, within 60 days after receipt of written notice of the Board’s action complained of, file an appropriate petition with the Clerk of the Supreme Court of Florida for review of the Board’s action. If not inconsistent with these rules, the Florida Rules of Appellate Procedure shall be applicable to all proceedings filed in the Supreme Court of Florida. A copy of any such petition shall be served upon the Executive Director of the Board. The Board shall have 25 days after the service of said copy on the Executive Director in which to file a response to the petition and shall serve a copy upon the applicant or registrant. The matter shall be disposed of as the Court directs.
ARTICLE IV. APPLICATIONS
Section !. — Applications shall consist of:
a. — an^Application for Admission - into the General -Bar Examination (Form 1-A) and;
b. — an Application for Admission to The Florida Bar-(Form 1 or Form 2, as applies bfc).
Although the Application for Admission into the-General Bar Examination and the Application-for Admission to The Florida Bar are entirety-independent of each other, applicants are-advised that the character and fitness investigation conducted-by-the Board in conjunction with the Application for Admission to-The Florida Bar is detailed and may require 6-8 months for all facts to bo marshalled and a-recommendation reached by the Board. — Therefore, law students are eneouraged-to-file for admission to the Bar when entering their senior year-in-law school to assure-completion of all character and fitness related matters at the-time of grade release of — the first examination following graduation. — All applicants are required to file fully completed applications and to be responsive-to -Board requests for further information in order to assure-orderly processing of the files.
Applications for Admission into the-General Bar Examination and to The Florida Bar shall be -made-upon forms -supplied by the Board pursuant to Article V, Section 13.
Bar applications (Form 1 or Form -2) filed in a defective condition, e.g., without-notarization, or-supporting documents, or having blank or incomplete items on the application, shall be accepted but a fee of $250.00 as specified -under Article V, Section 12 shall be assessed.
The Application for Admission to The-F-lor-ida Bar must-be-filed not later-than 90 days from the date of the notice that success-has' been attained on all parts of the Florida Bar Examination-(General Bar Examination and Muttistate Professional Responsibility-Examination — MPRE) as provided under Article VI, Section 9.b.
Note: Applications for the-Multistate Professional-Responsibility-Examination (MPRE) are-filed with the appropriate agen- *332 ey of -the National Conference-of Bag-Examiners. Fees required-for that administration shall be paid to the agency administering-the examination.-
Section^.
a.-The Board shall not recommend: to -the Courtier admission any applicant whose Application for Admission to The Florida -Bag has been on-file for more than 3 years without-r-einyestigation into the- applicants character and fitness as-necessary to-bring-the investigation-to-a-eurrent status. The applicant-shall be-required to file a new Application-for-Admission to The Florida Ear answering- each item for the period of time from the Sling-of the-original- applieation-to the date of the- filing-of the-new application including current references-and a-fingerprint-eard which shall be-aecompanied~byc
(1) a-fee of-4425.00^as provided -by-Article V, Section 11 of the Rules if the new application is- filed-within-5-years-of filing the original application, on
(2) a fee as provided uadenArtide-V,-Sec-tions 7 or 8 if the new application-is filed more-than 5-years-after -filing the-original application.-
b.-The Board shali-not-recommend to-the Court for admission any applicant whose notice of-successful completion-of theriFlorida Bar Examination has been on-file more than 5 years- without reapplication for admission to the Florida-Bar Examination and -successful completion-of all of-the examination,
c. -The Application-for Admission-to The -Florida^ B ar-mast- be-vigoroasly- pursued-by-the applicant. — Failure-to respond-fo-inquiry from-the Board- with-in-90-days may result in termination of that application and require reappüeation and payment of all fees as if the applicant were-applying for the first time.
Section 3.-Applicants for-admission into the General Bar Examination-and- applicants for admission-into The-Florida Bar-wfaohave not been admitted to the bar in any jurisdietion-fer a- period- in excess of 12 months preceding the filing of an Application for Admission to The Florida Bar (time spent in-military- service of the- United States- not-to be-reckoned as part of said-12 months) shall accompany-the initial applieation-with-:
a. a fee-of $375.00, as specified under Article-V, Section 6¡ if a registration fee has been paid previously; or
b, a fee- of $8?5.00, — as specified under Article V, Section -7- if a-registration fee has not been paid previously.
Section -d. xUl- -applicants for-admission into the General Bar Examination-and applicants for admission into.The Florida-Bar except those-described in Article IV, Section 3 shall accompany-the initial applieation-with;-
a. a fee of IlSQO.OOj-if-the applicant has been-admitted to-the practice of law for less than^S-years, as-specified under Article V, Section 8.a-.-;--or
-In- a fee-of $1600.00,- if-the applicant-has been- admitted to the practice-of — law for a period of-5-years,-but less-than-1-0 years^as specified — ander-^Article^Vy- Section 8.b.; or
-c- a fee-of $2006.00,-if-the applicant-has been- admitted to-the practice of-law for a period of 10 years, but less than 15 years^-as specified-under-Article-4^ Section 8.c.-; — or
dr a fee - of $2500.00, if-the applicant -has been-admitted to the practice of-law for- a period of 15 or more years, as specified under Article V, -Section-8-.d-.; or
-6r a -fee-of $5060.00, — as-specified under Article V, Section 9 if the applicant is applying-for re admission- after- dlsb arment or resignation-pending-disciplinary proceedings- in Florida or is applying for admission after disbarment or resignation pending disciplinary proceedings in any other jurisdiction; -or
—f- A -fee- of $l-800.00-as specified under Article -Y— Section^lO -for- those applicants asserting--rehabilitation-from prior conduct which caused denial of — admission by — fee Board or the Supreme Court as-specified-in Article III-,-Section-4.d.
[[Image here]]
a-.-Each-Application for-Admission into-the General Bar-Examination, as an integral-part thereof, must be accompanied by-the follow-ingi
(1) a photograph,- 2” by -2”, made within 6 months prior to-the- filing of the application;
*333 (2)-one complete set of fingerprints taken and certified by an authorized law enforcement officer; and
(3) such supporting-documents or-additional information as may be required on the forms-supplied-by the-Board.
b-An Application-for Admission te-The Florida-Bar-must be-Sed not-later than 90 days-drom the-date of-notice from the-Board that-suecess bas-been-attained-on-all parts of the F-lorida Bar Examination. — The Application-for Admission to-The Florida Bar shall not be- deemed- complete until-all of the following- items — have -been received by the Board:
(1) if the applicant is not a natural born citizen of the United-States - and indicates a name-change-at the-time of--naturalization, evidence-of naturalization satisfactory-to-the Board that such name change occurred;
(2) if the applicant has been admitted to the practice of law in one or more jurisdictions, evidence satisfactory to -the-Board that the applicant- is of good standing in such jurisdictions and a copy of the application for admission filed-in each-such jurisdiction-;
(3-)-an authorization-and release on a form supphed- by the-Board-requesting and directing the inspection and furnishing to — the Board, or any- of its authorized representatives, all relevant documents, records or other information — pertaining to — the applicant and releasing-any-person^-fimv-ofScer, -corporation, association) organization-or institution from-any and all liability in respect te-such inspection or-4he furnishing of-any such information;
(4) a Certificate of Dean (Form No. 3) certifying the applicant’s graduation from a full-time accredited law school, as provided under-the provisions-of Article III, Section l.a.;
■ (5)-an official-transcript of academic-credit certifying that-the applicant has-received-the degree of Bachelor of- Laws or Doctor of Jurisprudence as specified under Article III, Section l.a., which transcript must come directly from the awarding institution?
-(6) official transcripts from all postsecond-ar-y institutions ■ attended, which — transcript must come directly-from-the awarding-institutions;
(7) supporting documents and other information as — may-be required in the forms supplied-by the Board and other-such documents as the Board may, in addition, from time to time reasonably require;
-(8) an- affidavit on a form-supplied by the Board attesting that the-applicant has-read Chapter 4, Rules of Professional Conduct, and Chapter 5, Rules Regulating — Trust Accounts, -of the Bules-Regulating The Florida Bar; and
-(9) a-certificate supplied by the agency administering the Multistate Professional ■Responsibility Examination (MPR-E) bearing a successful score attained-on the MPRE to be forwarded directly to the Florida Board-of Bar Examiners by the designee-of the National Conference of Bar Examiners.-
Section 6. — The Board’s character-and fitness investigation will commence only upon receipt -of a fully completed and notarized Application for Admission to The Herida Bar accompanied by the appropriate fee and the items set forth in Section 5.a.(l) and (2) and Section 5J);(3) above. An-applieation filed-in a defective condition- or without the-appropriate fee will-delay-fhe commencement of the background investigation until the defective application--is corrected -or--the fee- is paid?
Section 7. Applicants seeking — postponement- of-their submission -to-Part Nor Part-B-of-the -General-Bar Examination shall be permitted to do so upon payment of:
a. a fee of $75.0Q- as specified under Article V, Section 24-.a.) if a--written- notice-of-postponement is-received-at least-7 days-in-advance of the commencement of-the admin-istr atiomof-such examination; or
b. a-fee of $150.00 as specified under Article N,-Section-24.b., if-a written notice-of postponement is-received-thereafter- but preceding the deadline for filing for the next administration of such examination.
-Alb-such applicants who have previously postponed their submission-to Part-A or Part B of the General-Bar-Examination must *334 bring their applications to current status by the-filing of-another examination application by the deadline-as specified under the -provisions of Article-¥I, Section 5.-
Section 8, If the applieant has-Sed- an-Application for-Admission to-The Florida Bar as — a- registrant as required by Article II,Section 1, the-provisions of Article IV-, -Section 5 shall be inapplicable but in such-case the applicant shall, not later that 90 days from-the date-of-notice that success has-been attained on the-Florida Ear Examination, file asupplement-(-Form 2) to said application for admission upon forms supplied by the Board, and upon the filing of-such-supplement, the said application for admission filed as-ar-regis-trant- and all -documents, records, information-and every-other p option of the file shall be deemed converted into-and shall-thereupon- be an- application for admission to The ■Florida Bar. The Board may require the applicant to furnish such-additional-on-supplemental information as the Board-deems reasonable and necessary in the consideration of the Application for Admission to The Florida-Bar,
Section-9, — Even though an applicant has filed- an Application for Admission to The Florida Bar as a registrant as specified under Article II,-the separate Application for Admission into-the General-Bar Examination must-be filed-by the deadlines as-specified under the-provisions of Article VI, Section 5 and.-in compliance with provisions of-Article IV, Section 5 except-that- compliance with subsections a. -and b. may be omitted if-there ■has4>een previous compliance.
Section 10^, — Applications for Admission to-The Florida-Bar, whether filed as a registrant under Article II or as an applicant under this Article, are continuing in -nature and-must give-eorrectly-and fully-the-information therein sought as of the-date-that the applieant is-sworn in-as-anmember — of-The Florida Bar — The Board-may requir-e-that all information furnished to it-be given-under-
b, — Every-applicant or registrantashall immediately -inform the-Board-of any change or discovered error in information previously furnished to the Board.
e, — Every-applicant shall state under oath when filing- an-Application for Admission into the-General-Bar Examination thab-all- information in every- application- and amendments thereto previously submitted is — true and complete.
Section 11. — The Board-shall -make-public the topics upon-which applicants will-be examined and-also make such suggestions for the-information- and- guidance of-students as wilTtend -to-promote their studies.
Section -12, — If any applicant or-student registrant shall be dissatisfied with-an-administrative ruling of the Board not covered by Article III, Section 4, such-applicant-or student registrant may,-within 60 days after receipt of written notice of the Board’s action-, file an appropriate petition — with the Clerk of the Supreme Court-of-dfilorida -for-review of the-Board’s action. A copy of any sush petition-shall be served upon the-Executive Director of the Board. The-Board shall have 25 days after the service of said copy on the-Executive-Director--in which to file a response to the-petition with the Clerk of the Supreme-Court of -Florida^and shalk-serve a copy thereof-upon the-applicant or-student registrant. — Thereafter, the matter shall be disposed of-as-the Court-directs and-any final action of the-Gourt shall--be duly entered in the-minutes-thereof.

RULES. BACKGROUND INVESTIGATION

3-10 Standards of an Attorney
An attorney should be one whose record of conduct justifies the trust of clients, adversaries, courts, and others with respect to the professional duties owed to them.
3-11 Disqualifying Conduct. A record manifesting a deficiency in the honesty, trustworthiness, diligence, or reliability of an applicant or registrant may constitute a basis for denial of admission. The revelation or discovery of any of the following may be treated as cause for further inquiry before the Board recommends whether the applicant or registrant possesses the character and fitness to practice law:
*335 (a) unlawful conduct;
(b) academic misconduct;
(c) making or procuring any false or misleading statement or omission of relevant information, including any false or misleading statement or omission on the Bar Application, or any amendment, or in any testimony or sworn statement submitted to the Board;
(d) misconduct in employment;
(e) acts involving dishonesty, fraud, deceit or misrepresentation;
(f) abuse of legal process;
(g) financial irresponsibility;
(h) neglect of professional obligations;
(i) violation of an order of a court;
(j) evidence of mental or emotional instability;
(k) evidence of drug or alcohol dependency;
(i) denial of admission to the bar in another jurisdiction on character and fitness grounds;
(m) disciplinary action by a lawyer disciplinary agency or other professional disciplinary agency of any jurisdiction;
(n) any other conduct which reflects adversely upon the character or fitness of the applicant.
3-12 Determination of Present Character. The Board shall determine whether the applicant or registrant has provided satisfactory evidence of good moral character. In addition to other factors in making this determination, the following factors should be considered in assigning weight and significance to prior conduct:
(a) age at the time of the conduct;
(b) recency of the conduct;
(c) reliability of the information concerning the conduct;
(d) seriousness of the conduct;
(e) factors underlying the conduct;
(f) cumulative effect of the conduct or information;
(g) evidence of rehabilitation;
(h) positive social contributions since the conduct;
(i) candor in the admissions process;
(j) materiality of any omissions or misrepresentations.
3-13 Elements of Rehabilitation. Any applicant or registrant who affirmatively asserts rehabilitation from prior conduct which bears adversely upon such person’s character and fitness for admission to the Bar shall be required to produce clear and convincing evidence of such rehabilitation including, but not limited to, the following elements:
(a) strict compliance with the specific conditions of any disciplinary, judicial, administrative or other order, where applicable;
(b) unimpeachable character and moral standing in the community;
(c) good reputation for professional ability, where applicable;
(d) lack of malice and ill feeling toward those who by duty were compelled to bring about the disciplinary, judicial, administrative or other proceeding;
(e) personal assurances, supported by corroborating evidence, of a desire and intention to conduct one’s self in an exemplary fashion in the future;
(f) restitution of funds or property, where applicable;
(g) positive action showing rehabilitation by such things as a person’s occupation, religion, or community or civic service. Merely showing that an individual is now living as and doing those things he or she should have done throughout life, although necessary to prove rehabilitation, does not prove that the individual has undertaken a useful and constructive place in society. The requirement of positive action is appropriate for applicants for admission to the Bar because service to one’s community is an implied obligation of members of the Bar.
3-14 Bar Application and Supporting Documentation
3-14.1 Filed as an Applicant Applicants are required to file complete and sworn Bar Applications. The application shall not be deemed complete until all of the following items have been received by the Board:
*336 (a) an authorization and release on a form supplied by the Board requesting and directing the inspection of and furnishing to the Board, or any of its authorized representatives, all relevant documents, records or other information pertaining to the applicant and releasing any person, official, representative of a firm, corporation, association, organization or institution from any and all liability in respect to such inspection or the furnishing of any such information;
(b) a Certificate of Dean (Form No. 3) certifying the applicant’s graduation from an American Bar Association accredited law school;
(c) an official transcript of academic credit certifying that the applicant has received the degree of Bachelor of Laws or Doctor of Jurisprudence, which transcript must come directly from the awarding institution;
(d) official transcripts from all postsecond-ary institutions attended, which transcripts must come directly from the awarding institutions;
(e) if the applicant has been admitted to the practice of law in one or more jurisdictions, evidence satisfactory to the Board that the applicant is of good standing in such jurisdictions and a copy of the application for admission filed in each such jurisdiction;
(f) an affidavit on a form supplied by the Board attesting that the applicant has read Chapter 4, Rules of Professional Conduct, and Chapter 5, Rules Regulating Trust Accounts, of the Rules Regulating The Florida Bar;
(g) such supporting documents and other information as may be required in the forms supplied by the Board and such other documents as the Board may, in addition, reasonably require.
3-14.2 Filed as a Registrant Registrants are required to file complete and sworn applications for registration. The application shall not be deemed complete until all of the following items have been received by the Board:
(a)an authorization and release on a form supplied by the Board requesting and directing the inspection of and furnishing to the Board, or any of its authorized representatives, all relevant documents, records or other information pertaining to the applicant and releasing any person, official, representative of a firm, corporation, association, organization or institution from any and all liability in respect to such inspection or the furnishing of any such information;
(b) official transcripts from all postsecond-ary institutions attended, which transcript must come directly from the awarding institutions;
(c) such supporting documents and other information as may be required in the forms supplied by the Board and such other documents as the Board may, in addition, reasonably require.
3-14.3 Defective Applications. A bar application initially filed in a defective condition, e.g., without notarization, without supporting documents, or having blank or incomplete items on the application may delay the initiation or the processing of the background investigation. Bar applications (Form 1 or Form 2) filed in a defective condition shall be accepted but a fee of $250.00 shall be assessed.
3-14.4 Filing Timely Amendments. An application filed by an applicant or registrant is a continuing application and the applicant or registrant has an obligation to keep the responses to the questions current, complete and correct by the filing of timely amendments to the application, on forms provided upon request from the Board, until the date of an applicant’s submission to the Oath of Attorney in Florida. An amendment to application is considered timely when made within 30 days of any occurrence that would change or render incomplete any answer to any question on the application.
3-14.5 Timely Processing. In order to ensure timely processing of the background investigation, an applicant or registrant shall be responsive to Board requests for further information. The Bar Application must be vigorously pursued by the applicant or registrant.
3-14.6 Non-Compliance
*337 (a) An applicant’s failure to respond to inquiry from the Board within 90 days may result in termination of the applicant’s bar application and require reapplication and payment of all fees as if the applicant were applying for the first time.
(b) A registrant’s failure to respond to inquiry from the Board within 120 days may result in cancellation of the registrant’s application and require full payment of the student registration fee.
3-15 Withdrawal of a Bar Application without Prejudice. An applicant or registrant may request withdrawal of a bar application without prejudice. The Board shall consider acceptance of the request but may continue its investigative and adjudicative functions to conclusion.
3-16 Withdrawal of a Bar Application with Prejudice. An applicant or registrant may request withdrawal of a bar application with prejudice. The Board shall accept the withdrawal and immediately dismiss its investigative and adjudicative functions. An applicant or registrant who files a withdrawal with prejudice shall be permanently barred from filing a subsequent application for admission to The Florida Bar.
3-17 Extraordinary Investigative Expenses
3-17.1 Transcript or Records Cost. The cost of a transcript or any record or document reasonably required by the Board in the conduct of investigative or adjudicative functions shall be paid by such applicant or registrant.
3-17.2 Petition for Extraordinary Expenses. Upon a showing of actual or anticipated extraordinary expenditures by the Board, the Court may order any applicant or registrant to pay to the Board additional sums including attorney’s fees or compensation necessary in the conduct of an inquiry and investigation into the character and fitness and general qualifications of such applicant or registrant including the procurement and presentation of evidence and testimony at a formal hearing held in response to Speci-fieations.
3-17.3 Fee for Extraordinary Expenses. If the Board is required to make farther inquiry into the character and fitness of a registrant as provided by Rule 3-11, then a fee of $125.00 shall be assessed.
3-20 Investigative Process
3-21 Inquiry Procesa The Board shall conduct an investigation and otherwise inquire into and determine the character and fitness of every applicant or registrant. In every such investigation and inquiry, the Board may obtain such information as bears upon the character and fitness of the applicant or registrant and take and hear testimony, administer oaths and affirmations, and compel by subpoena the attendance of witnesses and the production of books, papers and documents.
3-21.1 Refusal of Subpoena. Whenever any person subpoenaed to appear and give testimony or to produce books, papers or documents, refuses to appear to testify before the Board or to answer any questions, or to produce such books, papers or documents, such person may be in contempt of the Board. The Board shall report the fact that a person under subpoena is in contempt of the Board for such proceedings against such person as the Court may deem advisable.
3-22 Investigative Hearing. An applicant or registrant may be requested to appear for an investigative hearing. Such investigations and inquiries shall be informal but they shall be thorough, with the object of ascertaining the truth. Technical rules of evidence need not be observed. The admissibility of results of a polygraph examination shall be accordance with Florida law. An investigative hearing shall be convened before a division of the Board consisting of no fewer than 3 members of the Board. Any member of the Board may administer oaths and affirmations during the hearing.
3-22.1 Investigative Hearing Cost. Any applicant or registrant requested to appear for an investigative hearing shah pay the administrative cost of $80.00.
3-22.2 Response and Selection of a Preferred Hearing Date. An applicant or registrant who has been requested by Board letter to appear for an investigative hearing *338 shall promptly respond to such letter. Failure to respond within 60 days shall result in termination of the bar application and shall require reapplication and payment of all fees as if the applicant or registrant were applying for the first time. The hearing shall be scheduled upon receipt of the notice of preference for scheduling and investigative hearing cost fee.
3-22.3 Investigative Hearing Postponement Postponement of a previously scheduled investigative hearing shall be permitted upon good cause and written request when accompanied by a fee of $50.00 if the request is received at least 15 days prior to the hearing or a fee of $75.00 if such request is received less than 15 days before the hearing-
3-22.4 Board Waiver of an Investigative Hearing. In cases where the facts are undisputed regarding an applicant’s or registrant’s prior conduct which bears adversely upon such person’s character and fitness for admission to the Bar, the Board may forgo an investigative hearing and proceed directly with the filing of Specifications as provided below.
3-22.5 Board Action Following an Investigative Hearing. After an investigative hearing, the Board shall make one of the following determinations:
(a) that the applicant or registrant has established his or her qualifications as to character and fitness;
(b) that a Consent Agreement be entered into with the applicant in lieu of the filing of Specifications pertaining to drug, alcohol or psychological problems. In a Consent Agreement, the Board shall be authorized to recommend to the Court the admission of the applicant who has agreed to abide by specified terms and conditions upon admission to The Florida Bar;
(c) that farther investigation into the applicant’s or registrant’s character and fitness is warranted;
(d) that Specifications be filed charging the applicant or registrant with matters which if proven would preclude a favorable finding by the Board.
3-22.6 Investigative Transcript Cost. The cost of a transcript reasonably required by the Board in the conduct of investigative or adjudicative functions shall be paid by the applicant or registrant.
3-23 Specifications. Specifications are a formal charging document filed in those cases where the Board has cause to believe that the applicant or registrant is not qualified for admission to The Florida Bar. If the Board votes to prepare and file Specifications, the Specifications are served upon an applicant or registrant. The response to Specifications shall be filed in the form of a sworn, notarized answer to the Specifications within 20 days from receipt of the Specifications.
3-23.1 Failure to File the Answer. If an applicant or registrant fails to file an answer to the Specifications within such time or within any extension of that time allowed by the Board, the Specifications shall be deemed admitted. The Board shall enter findings of fact, finding the Specifications proven, and appropriate conclusions of law, which may include a recommendation that the applicant not be admitted to The Florida Bar or that the registrant has not established his or her qualifications as to character and fitness.
3-23.2 Formal Hearing. Upon receipt of the answer to Specifications, notice of the dates and locations available for the scheduling of the formal hearing on the Specifications shall be provided. Formal hearings shall be conducted before a quorum of the Board which shall consist of not less than 5 members. The formal hearing panel shall consist of members of the Board other than those who participated in the investigative hearing. This provision may be waived with the consent of the applicant or registrant. The weight to be given all testimony and exhibits received in evidence at a formal hearing shall be considered and determined by the Board. The Board is not bound by technical rules of evidence at a formal hearing. The admissibility of results of a polygraph examination shall be in accordance with Florida law.
3-23.3 Formal Hearing Cost. Any applicant or registrant who is the recipient of *339 Specifications that require the scheduling of a formal hearing shall pay the administrative cost of $300.00.
3-23.4 Selection of a Preferred Formal Hearing Date. The applicant or registrant and the Board shall agree on a date and location for the formal hearing. If the applicant or registrant fails to agree on one of the dates and locations proposed by the Board, the Board shall set the date and location of the hearing. If the applicant or registrant, without good cause, fails to attend the formal hearing, the Specifications shall be deemed admitted and the Board shall enter findings of fact, finding the Specifications proven, and appropriate conclusions of law, which may include a recommendation that the applicant not be admitted to The Florida Bar or that the registrant has not established his or her qualifications as to character and fitness.
3-23.5 Formal Hearing Postponement Postponement of a previously scheduled formal hearing shall be permitted upon good cause and written request when accompanied by a fee of $100.00 if request is received between 45 and 31 days prior to the hearing or $200.00 if request is received between 30 and 15 days prior to the hearing or $300.00 if such request is received less than 15 days before the hearing.
3-23.6 Board Action Following Formal Hearing. Following the conclusion of a formal hearing, the applicant or registrant shall be notified promptly by the Board of its decision which shall include one of the following recommendations:
(a) that the applicant or registrant has established his or her qualifications as to character and fitness;
(b) that the applicant be conditionally admitted to The Florida Bar in exceptional cases involving drug, alcohol or psychological problems upon such terms and conditions as are specified by the Board;
(c) that the applicant’s admission to The Florida Bar be withheld for a specified period of time not to exceed 2 years. At the end of the specified period of time, the Board shall recommend the applicant’s admission providing the applicant has complied with all special conditions outlined in the Findings of Fact and Conclusions of Law;
(d)that the applicant or registrant has not established his or her qualifications as to character and fitness. In cases involving material omissions or misrepresentations in the application process, the Board may within its discretion further recommend that the applicant or registrant be disqualified from filing with the Court a petition for rehabilitation for a period greater than 2 years up to 5 years.
3-23.7 Findings of Fact and Conclusions of Law. In cases involving a recommendation other than (a) above, the Board shall expeditiously issue its written Findings of Fact and Conclusions of Law. The Board’s findings, conclusions and recommendation shall be subject to review by the Court as specified under Rule 3-40.
3-23.8 Formal Transcript Cost The cost of a transcript reasonably required by the Board in the conduct of investigative or adjudicative functions shall be paid by such applicant or registrant.
3-23.9 Negotiated Consent Judgments. Counsel for the Board and an applicant or registrant may waive a formal hearing and enter into a proposed consent judgment. Such consent judgment shall contain a proposed resolution of the case pursuant to one of the Board action recommendations specified above. If the consent judgment is approved by the full Board, then the case shall be resolved in accordance with the consent judgment without further proceedings.
3-30 Petition for Board Reconsideration. Any applicant or registrant who is dissatisfied with the Board’s recommendation concerning his or her character and fitness may, within 60 days from the date of the Board’s Findings of Fact and Conclusions of Law, file with the Board a petition for reconsideration with a fee of $125.00. The petition must contain new and material evidence which by due diligence could not have been produced at the formal hearing. Evidence of rehabilitation as provided by Rule 3-13 shall not be included in a petition for reconsideration. Only one such petition for reconsideration may be filed.
3-40 Petition for Court Review
3-40.1 Dissatisfied with Board’s Recommendation. Any applicant or registrant *340 who is dissatisfied with the Board’s recommendation concerning such applicant’s or registrant’s character and fitness may petition the Supreme Court of Florida for review within 60 days from receipt of the Board’s Findings of Fact and Conclusions of Law or within 60 days of receipt of notice of the Board’s action on a petition filed under Rule 3-30. If not inconsistent with these rules, the Florida Rules of Appellate Procedure shall be applicable to all proceedings filed in the Supreme Court of Florida. A copy of such petition shall be served upon the Executive Director of the Board. Unless otherwise required, the Board’s response shall be filed with the Court within 25 days after service of the petition. At the time of the filing of the Board’s response, the Executive Director shall transmit the record of the formal hearing to the Court, and the Court shall decide whether such applicant or registrant meets the character and fitness requirements.
3-40.2 Dissatisfied with Length of Board’s Investigation. Any applicant or registrant whose character and fitness investigation is not finished within 9 months from the date of submission of a completed bar application or student registration may petition the Supreme Court of Florida for an order directing the Board to conclude its investigation. If not inconsistent with these rules, the Florida Rules of Appellate Procedure shall be applicable to all proceedings filed in the Supreme Court of Florida. A copy of any such petition shall be served upon the Executive Director of the Board. The Board shall have 25 days after the service of said copy on the Executive Director in which to file a response to the petition and shall serve a copy upon the applicant or registrant. The matter shall be disposed of as the Court directs.
ARTICLE V, SCHEDULE OF FEES
Fees are subject to-change by published order-of-the Supreme Court of Florida. The following fees, none -of-which will be refunded, shall be paid by the applicant.-
Section 1. — The-Application for Admission to The Florida Bar filed-as- a registrant as required by Article II, Section 1 shall be accompanied by a fee of-$500.0Q-
Section 2,-The registration filed early as provided in Article- I-I^ — Section 2 shall be accompanied by a fee of $75.00.
Section 3, The registration filed-early-as provided-in -Article II, Section 3 shall be accompanled-by-a-fee of $100.00.
Section-4,-The- registration filed-early-as provided- in Article II, Section 4 shall be accompanied by a fee of $200.00.
-Section-5r-For-the investigation and inquiry-provided- -mArticle II, Section 5 the registrant shall pay a-fee of--$125.-00.
Section 6. The application - of-applicants described in Article IV, Section- -S.a-.-shall-be accompanied by a fee of $375.00.
Section 7. The application of applicants described in Article IV, Section 3.b, shall -be accompanied by- a-fee of-$875-.QQ.
Section 8, The application of-applicants described in Article IV, Section 4 shall-be accompanied by a fee oft
a, — as provided by Article -IVV-Section 4.a.,. $1300,00,
b, — as provided by Article IVr-Section 4.b...... . $1600,00,
e, — as-provided by Article IV, Section d.c.$2000.00.
d= — as ■ provided-by-Article IV, Section 4.d.$2500.00.
Section 9. The application of applicants described in Article--IV-,-Section 4.e. shall be accompanled-bya-fee of $5000.00.
Section 10, The application-of-applicants described in Article IV,- Section-4,f--Bhall-be accompanied by a fee of $1800.00,
Section 11. — The -application-form — described in Article-I¥¡-Seetion 2.a.(l) shall be accompanied-by-ar-fee of $425.00.
-Section-12, — For an Application-for-Admission-to The Florida Bar filed-in-a^defective condition — as-described in Article IV, *341 Section 1, the applicant -shall- pay — ar-fee-ef $250.00.-
Section 13. — Bequests-for-eopies of the application forms -for- admission to the General Bar Examination-and-for-admission to The Florida Bar filed by persons--other-than-students matriculating at -the-law-schools-within the State of Florida, the-deans-and-libr-arians of such Florida law schools, and--any-other persons-to-be-designated by the Board, shall be accompanied — by a fee of $50.00. — Any person-having paid this fee shall have a like amount deducted from- any-application — fee which is paid within 1- year-from-the^-eeeipt-ed date of the payment-of-this-fee.
Section 14. — Each request-for-a^copy-of any-doeument or portion thereof, except for -Form — No. 1, Application for Admission to The Florida Bar, filed by an applicant-in the course of such applicant’s seeking-admission to the General Bar Examination or-The-Florida-Bar-or-for — any-certificate of the Board shall-be-accompamed-b-y-a-fee of $25.00 for the first page and $.50 for each additional
Section 15. — Each request for a copy of the Form No.- 1-,-Appl ieation-for -Admission -to The Florida Bar, shall be accompanied by a fee of $35.00.
investigative- hearing shah.pay- a- -fee of $som
Section 17. — Any applicant called for a formal- -hearing — shall pay- a - fee of -$300.00.
Section 18. ■ Applicants seeking postponement of an investigative hearing shall be permitted to do so for good cause and if a ■nied-by-$5Q.QQ--if-such-request-is-received-at least 15 days prior to the hearing and by $7&Q0-if-sueh--request-is--rec-eived-less-than-l-5 days-before the-hearingr
Section 19. Applicants seeking postponement- of a- for mal- hearing- shall be ■ permitted to do-so- for -good- cause-and- if - a-written request of postponement is accompanied by:
■ a. $100.00 if such request is received at between-45-a-nd-§-l-days-prior-to-the-hear-ingj-or
between-30-and-15-days -prior-to the hearing; or
c. $300.00 if such request-is-received less than 15 days before the hearing.
-Section 20. — The cost of a transcript or auy-reeord-or-doeument-reasonably required by-the-Board in the- conduct of investigative or adjudicatory — func-tions-lnto -the character and fitness of an applicant or a registrant shall be paid by such applicant-or-registrant.-
-Seelion-21-. — A-petition-for-reconsideration as provided-umder-the-provisions of Article-I-II,-Section 4a- shall be accompanied by a-fee-of-$l-25.Q0.
Section 22. — Petitions for reconsideration of an administrative ruling of the Board not covered by Article III, Section 4 and-petitions relating to or involving a suspension or waiver -of-any rule, regulation or order shall be-accompanied by a fee of $50.00.
-Petitions--for reconsideration-shall be filed with-the-Board-within-60-days-after-receipt of-written-notice-of the Board^s-actiom
■ Section -23. Fees for late filing for admis-vfded-u-nder-ArticleNb-Section-5-herein-shall bm
-a.--as-provided-by — Article—Vb-Section 5.a...$100.00.
b. — as provided by Article VI, Section 5.b.$275.00.
c. as provided.by---Article — VI-¡- -Section 5.c.$525.00.
d. — as provided by Article VI, Section 5.d.$1000.00.
Section 24. — Fees for postponement of provided-under-Article IV, Section 7 herein shall be:
■ a. as provided-by-Article-IVrSeetion 7.a. ..$75.00. b. as provided-by-Article-Kb Section 7.b..$150.00.
Section 25. — The release of- impounded grades as provided for by Article III, Section -l-a-shall-be-accompanied-by a fee of 100.00.
Section 26. For each examination administration-entered after the first which must *342 be paid by the-deadlines prescribed in Article VI, Section 8, a fee-of- $375.00,
The term “administration” refers to any one of the two annual presentations-specified under Article VI, Section 4. The- second-presentation entered, whether to repeat a part or parts-of the examination- or attempt a-part or parts of the examination for the first-time? requires-payment-of-this fee.
Section 27, The examinees using-ar-type-writer-to- complete-answers-to the essay portions of the General Bar Examination-shah pay a fee of $100.00.
Section -28. — The Board shall honor-r-e-quests-received-in-writing for copies of the essay-type questions-which appeared-on — a previously administered General Bar Examination.-Each such-request shall be accompanied by a fee of $25.00.
Section 29. — Each request-from an applicant for a copy-of-saeh applicanfa-answers to essay-type questions-from a single General Bar Examination-shall be accompanied-by-a fee -of-$50m
Section-30. — Upon a showing of actual or anticipated extraordinary expenditures — by the Board, the Court may order any-appü-cant or-registrant to pay over to the Board-additional sums-including Board- attorney’s fees or -compensation necessary in the conduct-of-an inquiry and investigation into-the character and fitness and general-qualifications-of-such applicant or registrant including the procurement — and presentation of evidence and testimony-at a formal hearm-g-held in response to Specifications.
ARTICLE VI. EXAMINATIONS

RULE 4. BAB EXAMINATION

4-10 General Information
Section 1.4-11 Florida Bar Examination. The Florida Bar Examination shall consist of a General Bar Examination and the Multistate Professional Responsibility Examination (MPRE). An applicant may not submit to any portion of the Florida-Bar-Examination- unless-the undergraduate and law school educational requirements have been met pursuant-to Article - Ill-Section 1.
a. — The-General Bar-Examination will-consist of two -parts-(A — and B). — Part A will consist of a combination of essay and multiple choice questions and Part B will-consist of- the — Multistate Bar-Examination.(MBE). The General Bar Examination shall test-the applicant’s ability-to-reason logically-to analyze-aeeurately the problem presented, and to demonstrate -a-thoreugh knowledge of-the fundamental principles of law and their- application.
b. — The-purpose-ef-the Multistate Professional Responsibility^-Examination (MPRE) is to measure -the-apphcants’ knowledge of the ethical standards-of-the- legal profession.
4-12 Requirement to Submit All individuals who seek the privilege of practicing law in the State of Florida shall submit to the Florida Bar Examination.
4-13 Educational Qualifications. In order to submit to any portion of the Florida Bar Examination an applicant must provide evidence of receipt of or completion of the requirements for the degree of Bachelor of Laws or Doctor of Jurisprudence from an accredited law school or be found educationally qualified under the alternative method of educational qualification as provided in Rule 2-11.2. The law degree must have been received from an accredited law school or within 12 months of accreditation.
4-13.1 Definition of Degree Requirements. The term “completion of the requirements for the degree” refers to the time when completion of the requirements for graduation is recorded in the office of the law school dean or administrator.
4-13.2 Definition of Accredited An “accredited” law school is any law school approved or provisionally approved by the American Bar Association at the time of the applicant’s graduation or if graduation is within 12 months of accreditation.
4-14 Dates of Administration. The General Bar Examination shall be administered on the last Tuesday and Wednesday of February and July of each calendar year. The Multistate Professional Responsibility Examination is administered in March, August and November of each year.
*343 4-15 Location of Administration. The General Bar Examination shall be held in such places in the State of Florida as the Board may from time to time direct. The Multistate Professional Responsibility Examination (MPRE) is administered three times each year throughout the country at various colleges and universities selected by the National Conference of Bar Examiners and its designee.
4-16 Publication of Examination Topics and Study Materials. The Board shall make public the topics upon which applicants shall be examined and also make such suggestions for the information and guidance of students as shall tend to promote their studies. An informational booklet about Part B is available and will be provided with the ticket of admission.
4-16.1 Part A Examination Study Guide. The Board shall produce a bar examination study guide that includes essay-type questions from two previously administered General Bar Examinations, sample answers to the essay questions and sample multiple-choice questions from Part A of the General Bar Examination. The study guide shall be forwarded upon written request accompanied by a fee of $25.00.
4-16.2 Copies of Essay Answers. The Board shall honor an applicant’s request to obtain a copy of his or her answers to essay-type questions from a single General Bar Examination for the period of time from the release of the examination results until the administration of the next examination. The answers shall not reflect any grading marks and shall be forwarded upon written request accompanied by a fee of $50.00.
4-17 Special Testing
4-17.1 Accommodations. Special testing accommodations are provided by the Board at no additional cost to applicants.
4-17.2 Requests for Special Testing Accommodations. Applicants seeking testing accommodations due to disability must file a written petition for accommodations accompanied by supporting documentation or additional information as may be reasonably required on the forms supplied by the Board. The forms are available upon written request. Receipt of requests for special testing accommodations and supporting documentation are subject to the deadline and late filing fees applicable to all examinees.
4-18 Time Limitation on Passing Examination
4-18.1 Twenty-Five Months. An applicant must successfully complete the General Bar Examination and the Multistate Professional Responsibility Examination (MPRE) within 25 months of the date of the administration of any part of the examination that is passed. Should an applicant fail to pass all parts within 25 months of first passing any part, passing score(s) of individual parts older than 25 months are deleted.
4-18.2 Five Years. An applicant’s successful completion of the Florida Bar Examination shall remain valid for a period of 5 years from the date of the administration of the last part of the Florida Bar Examination that was successfully completed. If the 5 year period expires without admission, an applicant shall, except for good cause shown, be required to retake the Florida Bar Examination and again pass all parts of the examination.
Section 2, — A portion of the-Gener-al-Bar Examination-shah- consist of questions-in-the form of-hypothetical fact problems requiring essay - answers-. — Questions may be designed to require answers-based-upon Florida case or statutory law of substantial-importance. Essay-questions may not be- labeled as to subject matter.
4-20 General Bar Examination
A portion of the General Bar Examination shall consist of questions in the form of hypothetical fact problems requiring essay answers. Essay questions may not be labeled as to subject matter. Questions may be designed to require answers based upon Florida case or statutory law of substantial importance. The General Bar Examination shall consist of two parts (A and B). Part A shall consist of a combination of essay and multiple choice questions and Part B shall consist of the Multistate Bar Examination (MBE).
4-21 Purpose. The General Bar Examination shall test the applicant’s ability to
*344 reason logically, to analyze accurately the problem presented, and to demonstrate a thorough knowledge of the fundamental principles of law and their application.
4-22 Part A Part A shall consist of six one-hour segments. One segment shall embrace the subject of Florida Rules of Civil and Criminal Procedure and the Florida Rules of Judicial Administration Rules 2.051, 2.060, and 2.160. The remaining five segments, each of which shall embrace no more than two subjects, shall be selected from the following subjects including their equitable aspects:
Florida Constitutional Law
Federal Constitutional Law
Business Entities Including Corporations and Partnerships
Wills and Administration of Estates
Trusts
Real Property
Evidence
Torts
Criminal Law
Contracts
Family Law
Chapter 4, Rules of Professional Conduct, and
Chapter 5, Rules Regulating Trust Accounts, of the Rules Regulating The Florida Bar.
4-23 Part B. Part B shall consist of the Multistate Bar Examination (MBE) which is that examination offered to the several states by the National Conference of Bar Examiners and designated by that organization as the Multistate Bar Examination (MBE).
4-24 General Bar Examination Preparation and Grading. The Board may utilize the services of expert drafters to prepare bar examination questions, either by arranging for the drafting services of qualified persons, including out-of-state law teachers, or by using the services of the National Conference of Bar Examiners or another national agency. The Board may utilize the services of trained expert readers. Such readers shall be selected solely upon the qualifications of such individuals and without regard to the law colleges from which they graduated.
4-24.1 Essay Questions. Every essay question, whether drafted by the examiners or by expert drafters, shall be thoroughly briefed on every point of law in the question and the question shall be analyzed and approved by the Board preceding inclusion of the question on the General Bar Examination.
4-24.2 Machine-Scored Questions. Every machine-scored item of Part A must specify authority for the best response, and every such item and authority should be analyzed and approved by the Board preceding inclusion of the item on the General Bar Examination.
4-25 Submission Methods. Applicants who submit to the General Bar Examination shall do so for the sole purpose of fulfilling the admission requirements for The Florida Bar. An applicant may elect to submit to the General Bar Examination by either of the following methods:
4-25.1 Overall Method. Overall method shall be utilized if the applicant submits to Parts A and B during the same administration of the General Bar Examination.
4-25.2 Individual Method. Individual method shall be utilized if the applicant submits to only one part of the General Bar Examination. Applicants who elect to submit to only one part of the General Bar Examination under the individual method may not combine a score attained on one part from one administration with a score on the other part from a different administration. Applicants may not submit to Part A only using this method unless they have previously taken the Multistate Bar Examination (MBE) in Florida.
4-25.3 Retention of Passing Status. If an applicant attains a passing scaled score on only one part and elects to submit to the overall method of the General Bar Examination as described above, the previous passing status shall not be replaced by a failing status if the applicant fails to achieve a passing score on a subsequent submission effort.
4-26 Scoring Method. Each examination paper produced by an applicant on the *345 General Bar Examination shall be separately graded. Papers shall be graded and credited by number and not by applicant’s name. The name of the writer of the examination paper shall not be revealed by the staff to the members of the Board or readers or any source other than the Supreme Court of Florida. To ensure maximum uniformity in all grading of essay questions, the Board shall utilize the services of multiple calibrated readers.
4-26.1 Examination Scaling. The scores of each section of Part A shall be converted to a common scale by a recognized statistical procedure so that each section shall be equally weighted. The sum of the converted section scores shall be the total score for Part A. All total scores attained by the applicants on Part A shall be converted to the same distribution as their Multistate Bar Examination (MBE) scaled scores. Mul-tistate Bar Examination (MBE) scores (Part B) are the scaled scores on the Multistate Bar Examination (MBE) provided by the National Conference of Bar Examiners. Scaled scores shall be used in order to ensure that the standard of measurement of competence from examination to examination is not affected by the difficulty of the particular test or the ability of that particular group as distinguished from the general population of applicants.
4-26.2 Pass/Fail Line. Each applicant must attain a scaled score of 131 or better on Part A and on Part B under the individual method and an average of 131 or better under the overall method, or such scaled score as may be fixed by the Court.
4-30 Multistate Professional Responsibility Examination
The Multistate Professional Responsibility Examination (MPRE) shall be the examination offered to the several states by the National Conference of Bar Examiners designated by that organization as the Multi-state Professional Responsibility Examination (MPRE).
4-31 Purpose. The purpose of the MPRE is to measure the applicant’s knowledge of the ethical standards of the legal profession.
4-32 Applications and Filing Deadlines. Applications for admission into the Multistate Professional Responsibility Examination (MPRE) are distributed by and shall be filed with the designee of the National Conference of Bar Examiners that administers the MPRE within the time limitations set by that authority.
4-33 Scoring Method. Each examination paper produced by an applicant on the MPRE shall be separately graded. The raw score attained by each applicant shall be converted to a sealed score by the National Conference of Bar Examiners or its designee in order to ensure that the standard of measurement of competence from examination to examination is not affected by the difficulty of the particular test or the ability of that particular group as distinguished from the general population of applicants.
4-33.1 Transfer of Score. The applicant shall direct requests to transmit the score attained on the MPRE to the agency that administers the MPRE. Scores are transmitted on a certificate supplied by the agency and should be forwarded directly by that agency to the Board. MPRE scores attained by an applicant prior to the applicant’s completion of law school educational requirements as set out in Rule 4-13 shall not be accepted.
4-33.2 Pass/Fail line. On the MPRE each applicant must attain a scaled score of 70 or better or such scaled score as may be fixed by the Supreme Court of Florida.
Section 3.a. — The Board-shall be responsible for the--preparation,-grading and conducting of-written examinations, and members thereof-shall be willing and available-te discuss wife-applicants generaLproblems-re-gasding the — purposes, policies- and procedures of the-examinatien. — The written-examinations shall be held in- such places in the State as the-Board-may from-time to-time directs
b, — The-Board may utilize-the services of expert drafters to prepare bar- examination questions,--either by arranging-for the drafting- services -of qualified-persons, including- *346 out-of-state- -law teachers, or by using the services -of the National.Conference -of-Bar E-xaminers or other-natienahageney. — Before an essay question is- accepted for use -on- the General — Bar Examination, whether-drafted by the examiners or- by expert drafters,- every point-of law in the question shall be ■thoroughly briefed -and-the-question shall be analyzed and-approved-by the Board. -Every machine scored item — of-Part A as-herein defined must specify authority-for-the best response,-and-every such item and authority should be.analyzed and approved by the Board-preceding inelusion-of-the item-en-the General Bar Examination.
e. — The Florida — Bar Examination shall eonsist-of a General — Bar Examination- and the Multistate Professional — Responsibility ■Examination (MPRE-).
The General Bar Examination- shall be-designated as Part A and Part B and shall be administered only within-the State of-Florida?
■Part A — shall be of six hours’ durafion-and shall-be - composed-of-six one-hour segments to be promulgated -b-y-the - Florida Board of Bar Examiners.-
One-segment shall-embrace the subject of Florida Rules of CM-and-Grnninal Broce-dure-and the Florida Rules of-Judicial-Administration - Rules -2,051, 2.060, and -2.160. The remaining five-segments, each of-which shall embrace-no more — than- two subjects,shall- be selected from the following subjects including their equitable aspects:
Florida Constitutional-Law
Federal Constitutional-Law
Business Entities — Including Corporations and Partnerships
Whls-and Administration of-Estates
Trusts
-Real-Property
Evidence
Torts
Criminal Law
Contracts
■Family Law
Chapter 4, Rules of Professional Conduct, and
Chapter-5, Rules — Regulating Trust Accounts, of the Rules Regulating The Flori-
Part B-shall -consist of the-Multistate-Bar Examination (MBE) which is that examination offered to the several states by the ■National-Conference of Bar- -Examhaers-and designated by that organization as the-Multi-state Bar Examination- (MBE-)-; — provided, however,-that-scores achieved-by applicants on the Multistate Bar Examination administered by -an -admitting jurisdiction other- than the State-of Florida shall not be transferred to or recognized by the Board. — The Multi-state Professional Responsibility Examination (MP-RE) shall be the examination offered to the-several states by the National Conference-of Bar Examiners designated by that organization as the Multistate -Professional-Responsibility Examination (MP-RE-),which examination is administered generally three times each year throughout the-country at various colleges-and universities selected by the National Conference of Bar Examiners and-its-designee.
Section 4. — The-General Bar-Examination shall be administered on the last Tuesday and Wednesday-of February and July of each calendar year.
4-40 Application for the General Bar Examination
4-41 Exam Application and Supporting Documents. In order to be considered complete each Exam Application (Form 1-A), must be complete, sworn to and notarized and accompanied by:
1) the appropriate applicant filing fee (application fee, postponement fee or reapplication fee);
2) a current 2” x 2” photograph;
3) one complete set of fingerprints taken on a card provided by the Board and certified by an authorized law enforcement officer; and
4) other supporting documents or additional information as may be required on the Form 1-A.
*347 4-42 Examination Filing Deadlines
Section 5.4-42.1 February Filing Deadline. Timely applications for admission to the February administration of the General Bar Examination shall be postmarked or received not later than November 15 prior to the examination.
4-42.2 July Filing Deadline. Timely applications for admission to the July administration of the General Bar Examination shall be postmarked or received not later than May 1 prior to the examination.
4-42.3 Deadline for Special Testing Accommodations. Petitions for accommodations and supporting documentation are subject to the examination filing deadlines. Applicants seeking special testing accommodations are encouraged to file the examination application, petition and supporting documents by the examination filing deadline to avoid examination late filing fees.
4-42.4 Cut-off for Special Testing Accommodations. To avoid an undue burden upon the Board while making final preparations for the administration of the bar examination, a minimum amount of time is required for the orderly processing of a request for accommodations. Except for emergency petitions as designated by the Board, no request for special testing accommodations shall be processed if postmarked or received after February 1 for the February Examination or after July 1 for the July Examination.
4-43 Filing After the Deadline. Applicants seeking late filing into a General Bar Examination shall be permitted to do so upon payment of an additional fee oft — as set out below, completion of the Form 1-A, as appropriate, and receipt of all supporting documents:
a, — $-lQQJ)Q-as specified under Article V» Section 23.a., for those applications-postmarked-or-rese-ived-on-or-before December ■15 for-the-February-examination, and for those applications-postmar-ked or received on or — before June 1 for the July examination;-
bv — $275¡0Q-as-speeified under Article V) Section 23.b., for those- applications — post-mai-ked-or-r-eceived on or before January 15 for the February-examinatien-,-and-for-those applications postmarked or received on or before July 1 fot-the-July-examination;
e= — $525.00 as specified under Article- Y-f Section-23.c-.-,-f-or — those-appheations^eceiv-ed on or before February 15 for the February-examinatien-and — for those applications received-on-or — befere—July—15 for the^July examination;-
4 — $1000.00- -payable -by- certified.check-,cashier’s check or money order as specified under-Article V> Section 23.d., for those applications received after February 15 for the February examination and after July 15 for the July examination.-
4-43.1 $100.00. If complete application is postmarked or received on or before December 15 for the February examination or June 1 for the July examination, the fee shall be $100.00.
4-43.2 $275.00. If complete application is postmarked or received on or before January 15 for the February examination or July 1 for the July examination, the fee shall be $275.00.
4-43.3 $525.00. If complete application is received on or before February 15 for the February examination or July 15 for the July examination, the fee shall be $525.00.
4-43.4 $1000.00. If complete application is received after February 15 for the February examination or after July 15 for the July examination, the fee shall be $1000.00. This fee is payable only by certified check, cashier’s check or money order.
4-44 Filing Deadline on Weekend or Holiday. If a the examination filing dead-a Saturday, Sunday, or holiday, then the deadline shall be extended until the end of the next day that is neither a Saturday, Sunday, nor holiday.
Applications-for admission into the -Multi-state -Professional Responsibility Examination (MPRE) shall be filed--with-the-agency administering — that examination within -the time limitations set by that authority- — The Multistate Professional-Responsibility Exam- *348 ¡nation (MBRE)-is-eurrently-adnn-Histered-in March, August and November of eaeh-year.-
4-45 Typing Accommodations. Applicants are permitted the use of a typewriter to complete answers to the essay portions of the General Bar Examination. Typewriters •with a memory or any programmable capacity including a spelling dictionary shall not be permitted. Applicants seeking to use a typewriter shall complete a form supplied by the Board and shall pay a fee of $100.00.
4-46 Examination_Postponement Postponement of submission to an individual part or to the entire General Bar Examination shall be accommodated upon receipt of written notice. The date of notice shall define the applicable postponement fee due when refiling for a future examination.
4-47 Reapplication after Postponement Applicants seeking to reapply after postponing as indicated above shall be permitted admission into another General Bar Examination upon the refiling of the Exam Application (Form 1-A) and receipt of the applicable postponement fee. In order to be timely filed, the completed application and appropriate fee must be received by the examination filing deadline. If the Form 1-A is not postmarked on or before the filing deadline or if filed incomplete, the appropriate examination late filing fee shall be applicable.
4-47.1 $75.00. If the written notice of postponement is received at least 7 days before the commencement of the administration of the examination, a fee of $75.00 is due.
4-47.2 $150.00. If the written notice of postponement is received less than 7 days before the commencement of the administration of the examination, a fee of $150.00 is due.
4-48 Examination Reapplication. Applicants seeking to repeat all or part of the General Bar Examination or to submit to a second administration of the General Bar Examination shall be permitted admission upon the refiling of the Exam Application (Form 1-A) and the receipt of the reapplication fee of $375.00. In order to be timely filed, the completed application and fee must be received by the examination filing deadline. If the Form 1-A is not postmarked on or before the filing deadline or if filed incomplete, the appropriate examination late filing fee shall be applicable.
Section 6. — An- applicant may elect -to-submit-to-the-General Bar Examination ■by-either of the-folfewing methods:
a. — Method-l-(compensatory model)-may be-u-tiilzed-only-by applicants who submit-to -Parts-A- and B during the same-administration of the General — Bar-Examination.—To pass on Meihod-l-an applicant must have an average-scaled score of 133 or-better prior to July 1, 1982, and an- average scaled score-of -131-or-better after July 1,1982.
b, — Method 2-(multipIe-cutoff model) may be-utilized-by-applicants who-submit to only one part of the General-Bar Examination-.To-pass-on-Method 2 an applicant-must have a scaled score-of-133 or higher-prior-to-July 1-1982, and 131 or higher after- July 1, 1982.
Applicants who elect to submit- to only one part of the-General Bar Examination on a given-administration shall utilize Method 2 and may not combine-a-score attained-on-one part from-one-administration with a score-on the-other-part from a different-administra-tiem — Such applicants shall have taken-the Multistate-Bar-Examination (MBE) previously-(unless, of course, the Multistate Bar Examination — is--the- only part-that-they are taking).
An applicant who has attained-a - passing scaled-score on only one part- and who elects to- submit -to the compensatory model (Method 1) of the General Bar Examination - as described above shall- retain such passing scores- on-said part even though such applicant shall fail to achieve a passing score-on that part-on-subsequent administrations.
Section- 7. — Each examination- paper pro-daeed — by-an-applic ant on the General Bar Examination shall be separately- graded. The-scores of each seetion-of-P-artA shall be converted to a common-scale by a recognized statistical procedure so that each section will be equally-Jrveig-hted. — The sum of the converted sectionr-scores will be the total score for Part A. All total-scores-attained by the applicants-on-Part A shall be converted-to *349 the same distribution as-their Multistate Bar Examination (MBE) scaled scores. — Multi-state-Bar Exammation-(M-BE) scores (Part B) are-the-sealed scores on the Multistate Bar Examination (MBE) provided-by — the National — Conference—of Bar — Examiners* Scaled-scores-shall be used in order to assure that -the-standard- of measurement of competence from-exammation to examination-is-not affected-by-the-diffieulty of the particular test or the ability of-that-particular group as distinguished from the general-population of applicants. Papers shall be graded-and-ered-ited by number and not by applicantis-name. The-name of the writer of the examination paper-shall not be revealed by the-staff-to the-members of the Board or -reader-s-or-any source — other than the Supreme-Court-of Florida.- Each applicant must-attain-a-scaled score-of-133 or better prior to July ~lrl-982,-a scaled-score of 131 or better after-July — 1-1982, on-P-ar-t-A-and on Fart B under Method 2 and-an average of 133 or better prior to July-1-1982, and an average of 131 or better after-July 1, 1982, under Method 1, or such scaled-score as may be fixed by the Court.
a, — The Board may-utilize-the-services-of trained-expert-readers. Such readers mil be selected-solely upon the qualifications of such individuals and without regard to the law colleges from which they graduated.
b. — To-assure-maximum-uniformity in all grading, the Board will utilize the services of multiple-calibrated readers.
e, — Each examination paper produced by an-applieant-om-the Multistate Professional Responsibility Examination (MPRE) shall-be separately graded. — The raw score attained by each applicant shall be converted — to-a scaled — score by the National Conference of Bar Examiners or its designee in order to assure-that the standard of measurement of competence from examination-to examination is not affected by-the-difficulty of-the-particular test or the ability of that particular-group as-distinguished from the general population of applicants.
Each applicant-must-attain-ar-scaled score of 70 ■ or-better — or—such-scaled score as may be fixed by the Court.
Each applicant shall be required to provide score-reports-directly-to-the-F-Ioridar-Board-of Bar-Exammers-drom-the-National-Confer-
Seetion-8, — Every-qualified-applicant-who mission into the General Bar-Examination on a ...form-prescribed by the Board -and- such application-shall-be-accompanied-by-a-fee-of $3-75=0Q-as-prescHbed-under-Article-VT-Sec-fion-^6-and-shall-be-filed-in4he-Board’s-ofSce vrithin-the-deadlines- as-specified-under-the provisions-of-Article VI, Section 5, as-they-cant desires to take.
Section 9.
a. — An applicant must successfully^-eom-plete the General Bar Examination and the Multistate -Professional Responsibility-Examination (MPRE) within 25 months of the date of-the -administration ■ of any-part-of -the.examination-which-is-passed. — Should-an-appli-first -passing any part, -passing~score(s)-of individual parts older than 25 months are deleted.
b. — The Application for-Admission-to The Florida-Bar — must-be-Sed-no-later-than 90 days from the date of notice-that-success--has been -attained-on-both-the-Generat-Bar Examination and the Multistate ■ Professional-Responsibility-Examination (MPRE). — Faü-ure to comply with such filing deadlines-will result in required reapplication for-admission to the Florida Bar Examination and- successful completion of all of the examination-
Section 10. — From time to time throughout the-year,-to-be-determined by the Supreme Court of Florida, the -Board— shad make ■ its -reeommendations-to-the-Supreme Court of Florida in accordance with -Article VII, Section !.
Section 11. — The B oard — shall—notify all persons submitting -to any-part-of-the General-Bar-Examination at the last administration thereof -whether- such -person has passed or failed any or all parts - of-said-examination except--those — persons whose grades -have been-impounded — by the Supreme- Court-of Florida. — The date of such-notification shall *350 be set pursuant to Article VI, Section-l-O^-At that time those persons who have-passed all parts of the- examination but who have not been reeommended-to -the-Supreme- Court for admission-te-The-E-Ierida-Bar wül-be further advised of the status of their applications.
Section — 12,—AppEcants -will be notified whether — their—Multistate-Professional Responsibility — Examination—(MPRE-)—scores qualify as-a-passing score.
Section 13. — No information regarding ap-pEcants — scores shall be released except-as directed-by-the Supreme Court -of — Florida.
4-50 Examination Administration
4-51 Rules of Conduct.Section-ll.a. Ap-pEcants who subnut-to-the-General Bar Examination-shaE do -so for the sole purpose of fulfilling-the-admission requirements-for-The Florida -Ear.- AppEcants shaE abide by all rules governing the administration of the General Bar Examination as set, out below.including thefoEowing:
(1) 4-51.1 Use of Unauthorized Materials. AppEcants shaE not utilize any unauthorized notes, books, or other study material while taking the examination*.
(24-4-51.2 Receipt of Unauthorized Aid. AppEcants shaE not use answers or information from other appEcants whEe taking the examination*.
(34-4-51.3 Observance of Exam Start/ Stop Announcements. AppEcants shaE not read questions on the examination prior to the announcement to begin the examination nor shaE they continue to answer any questions after the announcement to stop because the session has ended* — and
(4)4-51.4 Observance of Confidentiality of Machine-Scored Questions. AppEcants shaE not remove any multiple-choice, machine-scored examination questions from the examination room or otherwise communicate the substance of any of those questions to persons who are employed by or associated with Bar Review courses.
hA-52 Consequences of Violation of Rules. If the Board has cause to beEeve that an appEcant has violated any of the rules set forth above, then such appEcant’s examination grades shaE be impounded at the direction of the Supreme Court of Florida pending a fuE investigation by the Board. The Board’s investigations shaE be conducted under the provisions of Article III, Sections 2 and-3Rule 3.
4-53 Examination Proctors. The Board may from time to time eEeit the assistance of other members of The Florida Bar in proctoring the bar examination.
4-60 Release of Examination Results
4-61 Confidentiality. No information regarding appEcants’ scores shaE be released except as authorized by the Rules or as directed by the Supreme Court of Florida.
4-62 General Bar Examination. The Board shall notify aE persons submitting to any part of the General Bar Examination whether such person has passed or faded any or all parts of the examination except those persons whose grades have been impounded by the Supreme Court of Florida.
4-62.1 Impoundment of Examination Results. Results of the General Bar Examination shaE be impounded by the Court if the appEcant faEs to pay the fuE balance of any appEcation or examination late fEing fee or if the appEcant is suspected of a violation of the examination administration rules of conduct.
4-62.2 Release of Impounded Examination Results. Upon submission of documentation that estabEshes that the appEcant has paid aE appEcation and late fees and is determined not to have violated examination administration rules of conduct, upon payment of a $100.00 impoundment fee, the Board shaE request the Court to release the impounded grades.
4-62.3 Date of Release. The date for release of the results from the General Bar Examination shaE be set by the Court. At that time aE appEcants who have passed all parts of the examination but who have not been recommended to the Court for admission to The Florida Bar shaE be advised of the status of their bar appEcation.
4-63 Multistate Professional Responsibility Examination. AppEcants shall be notified by letter whether their Multistate Professional ResponsibiEty Examination *351 (MPRE) scores transferred to Florida are accepted.
4-64 Invalidation of Examination Results. Results of the Florida Bar Examination shall be invalidated if the applicant fails to establish that the law school graduation requirements were completed before the applicant submitted to the Florida Bar Examination.
ARTICLE VIL CERTIFICATION TO ■THE SUPREME- COURT AND ■ ADM-ISSIQN-T-Q-T-HE-F-LQRI-DA-BAR

RULE 5. RECOMMENDATIONS AND JURISDICTION

5-10 Recommendations and Admission
Section-1. Every applicant who has complied with the requirements of the applicable rules for admission into the Florida Bar Examination, who has attained passing scores on the examination required, who- -has met the requirements as to character and fitness, complied with the requirements of the applicable rules for admission into The Florida Bar, and who has; is 18 years of age or older shall be recommended by the Florida Board of Bar Examiners to the Supreme Court of Florida for admission to The Florida Bar.
(a) Furnished to the Board satisfactory evidence that-an-accredited-law school as specified-ia-Article-I-I-I--gection-l.-a., -has- conferred ■upon-the-applicant-the-degree of-Bachelor-of -Laws-or-Doctor-of-Jurisprudence and- who has-complied with all other reqmrements-for-admission to practice the profession of law;
(b)-Qr-compIied- with all requirements except-the-conferral-of the first degree in law as set out in Article III, Section l.a., bui-who has-been-declared-by-the-Board as being fully- qualified-under-the -aforementioned -Article III, Section l.b.; shall be-recommended by the Florida Board of Bar Examiners to the-Supreme- Court of Florida for admission to-The-F-Iorida-BaR-I-f-the-Court -is satisfied as-to-the-qualifications-of the applicant-so be made and entered in the minutes of the Court,-and-it-shall designate the manner-in wMc-h-a-11-applicants-wül-take-the-oath, — Two induction ceremonies shall be scheduled-each year at which the oath shall be administered-by the Chief Justice of the Court-or-a Justice thereof before the Court in formal session-or by the Chief Judge-of-a District Court of Appeal-or-a-Judge -thereof before a District Court of Appeal in formal session-.- Any applicant who chooses-not-to-attend such formal session.may -take the oath befdre-an-y-resi-dent Circuit-Judge-or-before such other official-authorized to administer oaths. — All-applicants shall presenL-themselves-for such administration- of the oath not later than 90 days from the date of notification-of-eligibility for admission-by-the Clerk of the Supreme Court of Florida. No certificate- of-admission to practice shall be-issued-until-the oath of such-applicant has been filed-with-the-Board and-the date of the oath has-been-forwarded by^-the-Board-to-the Supreme Court of Florida and The Florida Bar. The Clerk-shall maintain a permanent-register-of all persons so-admitted.
5-11 Supreme Court Action. If the Court is satisfied as to the qualifications of the applicant so recommended, an order of admission shall be made and entered in the minutes of the Court, and it shall designate the manner in which all applicants shall take the oath.
5-12 Induction Ceremonies. Formal induction ceremonies shall be scheduled after each release of grades from the previous administration of the bar examination. The ceremonies shall be held at the Supreme Court of Florida or the First District Court of Appeal and at each of the other District Courts of Appeal. Attendance at an induction ceremony is voluntary.
5-13 Oath of Attorney. Any applicant who chooses not to attend an induction ceremony may take the oath before any resident Circuit Judge or other official authorized to administer oaths, such as a notary public. All applicants shall present themselves for such administration of the oath not later than 90 days from the date of notification of eligibility for admission by the Clerk of the Supreme Court of Florida.
5-13.1 Filing of the Oath. An executed copy of the Oath of Attorney must be filed with the Board. Upon receipt of the oath, the Board shall certify the applicant and the *352 date of admission to the Supreme Court of Florida and The Florida Bar. The Clerk shall maintain a permanent register of all persons so admitted.
5-13.2 Certificate of Admission. The Certificate of Admission and a printed reproduction of the Oath of Attorney shall be issued upon receipt of the duly executed oath and the $22.00 fee for preparation of the certificate and printed reproduction.
SeGtion-2,5-14 Board Jurisdiction after Admission. If, within 12 months of admission of an applicant to The Florida Bar, the Board determines that a material misstatement or material omission in the application process of such applicant may have occurred, then the Board may conduct an investigation and hold hearings. After investigation and hearings, the Board may make findings and recommendations as to revocation of any license issued to such applicant and shall file any such findings with the Supreme Court of Florida for final determination by the Court.
5-15 Bar Jurisdiction after Admission. If an applicant is granted admission by the Court pursuant to a Consent Agreement, then the terms and conditions of the applicant’s admission shall be administered by The Florida Bar. The Board shall provide The Florida Bar access to all information gathered by the Board on a conditionally admitted applicant except information received by the Board under a specific agreement of confidentiality or otherwise restricted by law. If the applicant shall fail to abide by the terms and conditions of admission, then The Florida Bar is authorized to institute such proceedings as are consistent with the Rules Regulating The Florida Bar as to revocation of the license issued to the applicant pursuant to the Consent Agreement. The Board shall be notified of any disciplinary proceedings and shall have access to all information relating to the administration of a conditional admission, except information received by The Florida Bar under a specific agreement of confidentiality or otherwise restricted by law.